# Jackson *v.* The State.

*Indictment for Assault with Intent to Murder.*

1.  *Act defining power of recorder of city of Montgomery, constitutional; jurisdiction of recorder*—The act approved February 11, 1901, entitled "An act to further define the powers and duties of the recorder of the city of Montgomery, and aldermen of the city of Montgomery acting as recorder," (Acts of 1900-1901, p. 964), in so far as it confers upon a recorder or aldermen of the city of Montgomery acting as recorder, original and concurrent jurisdiction of all misdemeanors against the laws of the State committed within the city or within the police jurisdiction thereof is valid and it is not unconstitutional; and under the provisions of said act the recorder has jurisdiction to try all misdemeanors against the laws of the State committed within the said city or within the police jurisdiction thereof.

2.  *Plea of former conviction; when good.*—To an indictment for assault with intent to murder, a plea of former conviction setting up that the defendant had been convicted in a court of competent jurisdiction of an affray based on the same criminal act, is good, although the offense charged in the indictment is a felony, and the offense for which there was a former conviction is merely a misdemeanor.

3.  *Assault with intent to murder; charges as to self defense.*—On a trial under an indictment for an assault with intent to murder, where the defendant invokes the doctrine of self defense, charges requested by the defendant which ignore a tendency of the evidence to show that the defendant was not free from fault in bringing on the difficulty, are erroneous and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Morris Jackson, was indicted, tried and convicted for an assault upon Mose Bradford with the intent to kill him, and was sentenced to the penitentiary for two years. The facts relating to the special plea interposed by the defendant and the demurrers thereto are sufficiently shown in the opinion. There was evidence introduced on the part of the State tending to show that the defendant was guilty as charged in the indictment. The defendant introduced evidence tending to show that he shot at said Mose Bradford in self-defense.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must acquit the defendant." (2.) "If the jury believe the evidence, they must find the defendant not guilty." (3.) "If you believe that Mose Bradford fired the first shot and hit the defendant and continued to fire at defendant as he was backing out of the house, and the defendant returned the fire while Mose Bradford was firing on him, then the defendant acted in self-defense, and you must acquit him." (4.) "If you believe that the defendant was the aggressor and spoke the first words, but afterwards backed out on the street and did not fire or attempt to fire until he was shot by the said Mose Bradford, and at the time Bradford was firing on the said defendant, then you must acquit the defendant." (5.) "If the jury believe that Morris Jackson was in his own apartment in the house or shop on Court street and that Mose Bradford fired on Morris first and that Mose did [not?] fire until after he had, or was, backing out of the house, and while Mose Bradford was firing on him, then you must acquit the defendant."

BIBB GRAVES, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

7c

SHARPE, J.—In this case the defendant being in-dicted for an assault with intent to murder filed a plea setting up in substance that he had been convicted and sentenced in the recorder's court under the laws of the State as for an affray constituted by the same act for which he is now prosecuted. The plea was demurred to on five grounds, which are, in substance, first, that it failed to set out the warrant or affidavit on which the defendant was convicted; second, that it failed to show the offense of which he was convicted; third, that it shows he is now charged with a felony; fourth, that the act purporting to give the recorder's court jurisdiction of misdemeanors under State laws is unconstitutional; fifth, that the recorder was without jurisdiction of offenses against the laws of the State because such jurisdiction is not expressed in, or suggested by the title to the act, "To establish a new charter for the city of Montgomery" (Acts 1892-3, p. 368), or the act amendatory thereof (Acts 1894-5, p. 628), or the act of 1900-1, entitled "An act to further define the powers and duties of the Recorder of the City of Montgomery and alderman of the City of Montgomery acting as Recorder." The demurrer was sustained, and according to recitals of the record that action was based on the fourth and fifth grounds of demurrer. Each of the acts referred to contains the following, among others provisions: "That the recorder or alderman of the city of Montgomery acting as recorder shall have original and concurrent jurisdiction of all misdemeanors committed within the said city, or within the police jurisdiction thereof, against the laws of the State, and whenever any offense against the by-laws or ordinances of the city is a misdemeanor against the laws of the State. No finding or judgment of acquittal or conviction rendered by said recorder shall be a bar to a prosecution by the State in any case where the facts or offense charged constitute the offense a felony under the laws of the State of Alabama. In all cases where a person is convicted or acquitted before the recorder, or acting recorder, of any offense which is a misdemeanor under the laws of the State, such conviction or acquittal shall be a bar to a prosecution of such per-

son for such offense before any State court." Whether
the first two acts are operative to confer the jurisdiction
in question is immaterial. Of them it need only be said
that the act establishing the new charter creates the
office of recorder, provides for the election of a recorder,
and for an alderman to act for him in certain contin-
gencies, and contains provisions other than those above
quoted for the trial by the recorder of offenders against
ordinances of the city. The jurisdiction over a class of
offenses against the State may be rested alone on the
act of February 11th, 1901. That it was the purpose of
that act to specify powers as residing in and duties as
incumbent upon the recorder, is plainly indicated by the
title of the act, and the jurisdiction to try State offenses
may be properly classed as a power or duty of the re-
corder. Section 2, Art. IV of the constitution did not
make it essential for the title to go further than to fur-
nish an adequate clew to the legislative purpose. "When
there is a fair expression of the subject in the title all
matters reasonably connected with it and all proper
agencies or instrumentalities or measures which will or
may facilitate its accomplishment, are proper to be in-
corporated in the act and as usually said are cognate and
germane to the title."—*Lindsay v. United States Sav-
ings & Loan Asso.*, 120 Ala. 156. This is in accordance
with the usual interpretation of the constitution.—*Bell
v. State*, 115 Ala. 87; *Ex parte Birmingham*, 116 Ala.
186; *Ballentyne v. Wickersham*, 75 Ala. 533; 2 May-
field's Digest, 700, § 22.

We are of the opinion that neither ground of the de-
murrer was well taken. The first and second grounds
are without merit because the plea shows that defend-
ant's conviction before the recorder was for an affray
and was had without an affidavit and without a warrant.
The third ground was interposed in reliance upon the
second clause above quoted from the act of February 11,
1901, and which is found also in the earlier acts men-
tioned. Cases may arise from violations of city ordi-
nances wherein that clause may have a field of operation,
but it cannot be given the effect of abrogating with re-
spect to cases tried before the recorder, the maxim "no
person can be twice punished for the same crime."

To hold these statutes were intended to have that effect would amount to holding them obnoxious to the spirit of the constitutional declaration the language of which is "no person shall for the same offense be twice put in jeopardy of life or limb." Of this it was said in *Hurst v. State*, 86 Ala. 604: "The purpose of the courts should be to so apply this constitutional guaranty as to protect the citizen from vexatious criminal prosecutions and at the same time not to defeat the chief design of our penal laws which apart from their reformatory aspect have in view the double aim of protecting society and preventing crime," and accordingly a conviction for an act charged as a misdemeanor was held to bar a prosecution for the same act charged as a felony. In *Moore v. State*, 71 Ala. 307, the same clause of the constitution was quoted as authority for the decision there made that to an indictment for an assault with intent to murder, a plea of former conviction of an assault and battery based on the same criminal act, was good. A like liberal construction has been placed on the identical provision of the Federal constitution.—*Ex parte Lange*, 18 Wall. 163; *Berkowitz v. U. S.*, 93 Fed. Rep. 452.

The court's rulings on evidence and on requested charges were obviously correct. Those charges were each bad, if for no other reason, because they ignore a tendency of the evidence to show the defendant was not free from fault in bringing on the difficulty. If he was not so free from fault he was not in position to invoke the doctrine of self-defense.—*Crawford v. State*, 112 Ala. 1; *Scoggins v. State*, 120 Ala. 369; *Dennis v. State*, 118 Ala. 73; 1 Mayfield's Dig., 807, § 8.

For the error in sustaining the demurrer to the plea of former conviction the judgment will be reversed and the cause remanded.