# Southern Railway *v.* Caldwell-Spence Company.

## Failure to Deliver Freight.

(Decided June 16, 1913.   Rehearing denied July 8, 1913.
62 South. 975.)

1. *Witnesses; Refreshing Memory; Memorandum.*—Where a witness testified that he could not remember a fact, even after he had refreshed his recollection by referring to a memorandum made by him, his testimony and the memorandum are not admissible unless he can state that he knew the facts at the time he made the memoranda, and that he then correctly stated them.

2. *Same; Examination; Explanation of Cross.*—Where a memorandum was used to refresh recollection and was introduced in evidence without objection, but on cross-examination witness testified that he could not remember the facts even after referring to the memorandum, it was proper to ask witness in rebuttal if he knew the memorandum was corect when he made it, as such evidence affects the weight to be attached to the memorandum as well as its admissibilty in evidence.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the action was against a carrier for failure to deliver freight, error committed in sustaining an objection to a question asked the agent of the carrier, on redirect examination, whether he knew the facts contained in the memorandum at the time he made it, he having testified that he could not remember the facts even after referring

to his memorandum, was prejudicial even though the witness stated on cross-examination that he could not remember whether the freight referred to in the memorandum was in the freight house or not, but did not indicate that he did not know that fact when he made the memorandum.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the Caldwell-Spence Company against the Southern Railway Company, for damages for failure to deliver freight. Judgment for plaintiff and defendant appeals. Reversed and remanded.

HOOD & MURPHREE, for appellant. The court was in error in not permitting the witness to state whether or not he knew that the records were correct at the time that he made them, he having testified on the cross that he had no independent recollection of the transaction evidenced by the record.—1 Wig. 826; *Acklan v. Hickman*, 63 Ala. 494; *J. Snow Hdw. Co. v. Loveman & Co.,* 131 Ala. 221.

DORTCH, MARTIN & ALLEN, for appellee. The court was not in error in sustaining objections to questions propounded by appellant.—1 Wig. 826, 841. In any event it was incumbent upon appellant to show error which is not done by the record in this case.—*Ex parte State,* 61 South. 488; 87 Ala. 27; 60 South. 267; 168 Ala. 627; 174 Ala. 220.

WALKER, P. J.—The object of this suit was to charge the appellant with liability for the value of 50 boxes of tobacco, received by it as a common carrier to be delivered to the appellee at Gadsden for a reward, and which the complaint alleged it failed to deliver. One Daniels, a witness for the defendant (appellant here), testified that he was the defendant's ship-

ping clerk at Gadsden in 1907; that "he checked that tobacco out there to whoever had the bill; that in the usual course of business the drayman would first go to the office and get the bill and bring it to me, and that was done in this case. The goods were then checked out and delivered to him. I checked them as they came out, and then kept a record of it. I O. K.'d the bill, and returned it to the office. That is the receipt." The paper referred to by the witness, which purported to be a receipt for 50 boxes of tobacco, identified by date and number of waybill and the number and initials of a car, and to bear the signature of the plaintiff's drayman, was admitted in evidence without objection, so far as the bill of exceptions indicates. On cross-examination the witness testified that he had no independent recollection of checking out the tobacco in question to the negro drayman, saying: "I don't know anything about this particular shipment except from my records; that is all I know anything about." On the rebuttal examination of the witness the court sustained the plaintiff's objections to the following questions, asked him by the counsel for the defendant: "I will ask you whether or not you know these records were correct at the time you made them." "I will put it in this way: Would you have ever made an entry like that on that receipt without the goods being there?" "Did you ever make an entry like that on that receipt without personal knowledge of the delivery of the goods?"

In the opinion rendered in the case of *Acklen's Executor v. Hickman,* 63 Ala. 494, 35 Am. Rep. 54, Stone, J., in speaking of the use of memoranda in connection with the testimony of a witness, said: "In the second class are embraced cases in which the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independent of the memorandum.

In other words, cases in which the memorandum fails to refresh and revive the recollection and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum nor the testimony of the witness can go before the jury. If, however, the witness go further, and testify that at or about the time the memorandum was made he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum." The rule as there stated as to what is requisite to be shown to authorize the admission in evidence of a memorandum in connection with the testimony of a witness in reference to it is one which has been followed in subsequent cases in this state.—*Hart v. Kendall*, 82 Ala. 144, 3. South. 41; *Battles v. Tallman*, 96 Ala. 403, 11 South. 247; *Bolling v. Fannin*, 97 Ala. 619, 12 South. 59; *J. Snow Hardware Co. v. Loveman & Co.*, 131 Ala. 221, 31 South. 19. The existence of the rule is a recognition by the court of the fact that such a memorandum, standing by itself, unaccompanied by evidence that the person who made it knew when it was made of the existence of the fact of which it purports to be a memorial, has not a probative value which entitles it to be received in evidence. Without such authentication it is a mere ex parte and extrajudicial statement unsanctioned by the oath of any one.

But it is argued by the counsel for the appellee that the requirement of a showing that when the memorandum was made the fact which it recorded was a matter within the knowledge of the person making it is one for the protection of the party against whom the memorandum is proposed to be proved, and that, if it is admitted

without objection or without such evidence of knowledge being adduced, the party offering it has the full benefit of it as evidence and cannot be entitled to complain, because of a denial to him of the opportunity of showing that the person who made it had knowledge when it was made of the existence of the fact which it records. The contention seems to be that the appellant, in assigning as error the action of the court in sustaining the objections to the questions above set out, is complaining of nothing more than the failure of the court to require that the proper predicate be laid for the admission of evidence, which was let in at the instance of the appellant itself. This contention involves the unwarranted assumption that the proof that the fact recorded had been known to the witness was pertinent only on the inquiry as to the admissibility of the memorandum as evidence and had no bearing on the question of the probative weight to be accorded to it after it was permitted to be proved. Unquestionably, the circumstance, brought out on the cross-examination of the witness of his lack of any present recollection of the facts to which he had deposed, was one which, if unexplained or unrebutted, had a tendency to impair the value of his testimony and the probative effect of the memorandum which had been introduced in connection with it. It is equally as unquestionable that the unfavorable impression that may have been created by such an admission on the part of the witness might have been removed by satisfactory evidence to the effect that the memorandum which had been received in evidence was a correct memorial of the facts to which the witness had deposed on his direct examination, and that those facts were known to him when he made the record of them. We are of opinion that it was permissible to rebut the evidence as to the witness' lack of a present recollection

of the facts to which he had testified by proving that his testimony, in connection with the memorandum made by him, upon which his testimony was based and the truth of the contents of which he affirmed, was such as might be accepted as the equivalent of the testimony of a witness having a present recollection of the facts deposed to. And we are of opinion that the question first above set out was an appropriate one to elicit such rebutting testimony, and that the court improperly sustained the objection to it. It may be conceded that the other two questions were subject to objection, the one as calling for a statement as to the undisclosed mental attitude of the witness, and the other as being leading or suggestive of the answer desired.

Another argument advanced is that the appellant could not have been prejudiced by the rulings complained of, because the testimony of the witness on cross-examination disclosed that he had never had knowledge of the facts, the existence of which was indicated by the receipt or memorandum which had been admitted in evidence. It is claimed that this is a necessary conclusion from the statements made by the witness on his cross-examination as to his inability to recall any particular delivery made from the mass of freight—often several car loads—received each day, or to state that the tobacco in question was in the space in the depot wareroom, in which freight for the appellee was placed for delivery. These statements of the witness disclose his failure at the time he was giving his testimony to remember the things mentioned, but by no means indicate that at the time inquired about he was without personal knowledge of anything of which the memorandum to which he referred was a record. The plain purpose of the questions asked him on his examination in rebuttal was to show affirmatively that at that former time he

[Central of Georgia Railway Co. v. Coursen.]

had personal knowledge of the facts which the memorandum purported to record.  The defendant was entitled to prove that that memorandum was known to the witness to be a correct memorial of his former knowledge or recollection of the facts to which he had deposed. The record in the case does not show that the fact existed which is assumed as the basis of the argument last mentioned.  What has been said disposes of the only questions presented for review.    .

Reversed and remanded.    .