# Watson *v.* The State.

*Violating Prohibition Law.*

(Decided June 21, 1913. 62 South. 997.)

1. *Intoxicating Liquors; Evidence; Shipments.*—The fact that just after defendant was seen to go into the express office, a wagon drove up to the office and received four cases of whisky addressed to defendant, was sufficient to submit to the jury the determination of defendant's connection with that shipment of whisky.

2. *Same; Possession of Liquor.*—The possession by defendant of large quantities of intoxicating liquor, and shipments made to him about the time alleged in the indictment were properly admitted in evidence under an indictment for keeping prohibited liquors for sale, etc.

3. *Evidence; Opinion.*—It was incompetent for a witness to testify that he thought the defendant was driving for another.

4. *Appeal and Error; Harmless Error; Evidence.*—Where the appellate court cannot say that the admission of certain evidence did not prejudice defendant in any way, it must reverse where such evidence was admitted over defendant's objection.

5. *Charge of Court; Abstract Instructions.*—A requested charge is properly refused as abstract which is without application to the evidence adduced in the case.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

[Watson v. The State.]

Asa Watson was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The bill of exceptions shows the following: The defendant then presented to the court a charge which was in writing, and which as originally written was in words and figures as follows: "Charge 5. The defendant had a right to have his own whisky hauled to his home, and the jury must acquit the defendant in this case unless they believe beyond a reasonable doubt from the evidence that defendant intended to make unlawful disposition of the whisky." The court first indorsed this charge given, but subsequently refused it, upon observing that the words "and the jury must" following the word "home" and the word "the" after the word "acquit" had each been stricken out by running two pen marks through each of them so as to leave the charge to read as follows: "Charge 5. The defendant had a right to have his own whisky hauled to his home, acquit defendant in this case, unless they believe beyond a reasonable doubt the evidence that defendant intended to make unlawful disposition of the whisky."

C. S. McDOWELL, JR., for appellant. Counsel discuss errors assigned as to the admission of evidence, and the refused charges, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly admitted evidence of the shipment, and the possession by defendant of large quantities of liquor.— *Priest v. State*, 5 Ala. App. 171; *Coates v. State*, 5 Ala. App. 196; *Rosenburg v. State*, 5 Ala. 196; *Hauser v. State*, 60 South. 549. The charge requested was unintelligible.

PELHAM, J.—The evidence to the effect that the defendant was seen to go into the express office, and that just after this a wagon drove up to the door of the express office and received four cases of whisky addressed to the defendant, was sufficient to submit to the jury the question of defendant's connection with this shipment of whisky.

The defendant's possession of large quantities of prohibited liquors was material under the alternative charge contained in the indictment that he "kept for sale"; and evidence of the various shipments made to him at or about this time was relevant and properly admitted in evidence.—*Hauser v. State,* 6 Ala. App. 31, 60 South. 549; *Freeny v. City of Jasper, Infra,* 62 South. 385; *Dunn v. State, Infra,* 62 South. 996, and authorities cited in the last two cases.

The court permitted the state to prove by one of its witnesses that he (the witness) "thought the defendant was driving around Eufaula for Mr. Harry Brannon." The defendant made timely objection to the question calling for this testimony and moved to exclude the answer and reserved an exception to the adverse ruling of the court. This evidence of what the witness "thought" the defendant was doing at the time was entirely immaterial to the issues before the court, and incompetent evidence.

It is of such a nature that we are unable to say that it affirmatively appears that no harm resulted or could result to the accused therefrom. While it is the rule that the admission of irrelevant evidence will not work a reversal if it clearly appears that it had no influence on the case one way or the other, we are not prepared to say that the admission of this evidence (entirely irrelevant as well as incompetent) clearly had no influence on the case. It is not impossible that showing

[Glass v. The State.]

the defendant's connection with the person Brannon prejudiced his case before the jury; we cannot conclude that it did not. The admission of irrelevant evidence is an error for which the judgment of conviction will be reversed, unless the court in reviewing the record is satisfied that no injury resulted therefrom to the defendant. Certainly it was not permissible to allow the witness to testify to his thoughts, a matter that could not be met by any evidence that could be offered by the defendant.

Charge 5 does not state an intelligible proposition of law, in the light of the recitals in the bill of exceptions with reference to the erasures contained in the original charge, but aside from this, in any form the charge may be considered, it is abstract as applied to the evidence in this case and might well have been refused for that reason.

For the error pointed out, the judgment of conviction must be reversed.

Reversed and remanded.

*Violating Prohibition Law.*

