# Foshee *v*. The State.

*Violating Prohibition Law.*

(Decided November 27, 1913.    63 South. 753.)

1. *Appeal and Error; Presumptions.*—Where it appeared that two suit cases filled with bottles of gin and whisky were exhibited to the jury as being in the possession of defendant, it will be presumed that the quantity of prohibited liquor was so great as to warrant an inference that accused who had it in his possession on the train, and who procured the porter thereon to deliver it to a third person who was engaged to take it to defendant's home, had it for sale, barter or exchange.

2. *Same; Harmless Error; Evidence.*—Where the defendant was prosecuted for having intoxicating liquor in his possession for sale, barter or exchange, the admission of evidence, before proof of the corpus delicti, that defendant had engaged a liveryman to transport the liquor after it had been put off the train, while irregular, was harmless, where the corpus delicti was subsequently established; such evidence tending to show that accused had control of the liquor.

3. *Intoxicating Liquors; Jury Question.*—The evidence in the case examined and held to authorize a submission to the jury of the question of defendant's guilt or innocence.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Joe Foshee was convicted of violating the prohibition law, and he appeals. Affirmed.

THOMAS A. CURRY, for appellant. There was no preliminary testimony to show the corpus delicti, and the court was in error in admitting the alleged conversation between defendant and Edwards.—*Smith v. State,* 133 Ala. 150; *Tolliver v. State,* 142 Ala. 1. The evidence was not sufficient to support a conviction.—*Old-*

*acre v. State,* 5 Ala. App. 187. There was no proof of agency except the testimony of the agent himself.— *Cook v. The State,* 1 Ala. App. 224; *Union & S. Co. v. Pugh,* 156 Ala. 369; *Seaboard A. L. Ry. v. Hubbard,* 142 Ala. 546. The evidence should have been excluded on motion.—*Smith v. State, supra; Davis v. State,* 141 Ala. 62.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Atotrney General, for the State. Counsel discuss matters presented by appeal, but without citation of authority.

WALKER, P. J.—One who was the porter of a train on which there was evidence tending to prove that the defendant was a passenger testified that, at the request of a passenger on the train, who was a stranger to him, he set off two suit cases at Felacto, a station near Clanton. When this witness saw the defendant during the trial he stated that he did not know whether he was the person who had him to put off the two suit cases. There was other evidence tending to prove that on the day before this occurred the defendant engaged a liveryman in Clanton to meet that train at Felacto with a horse and buggy and get a couple of grips that would be on the train and take them to the defendant's home in Clanton; that the person so employed went to Felacto as directed, got the two suit cases, which were put off the train, and had them in his buggy when they were taken in charge by a deputy sheriff, and found to be filled with bottles of whisky and gin. The two suit cases and their contents were exhibited to the jury. There was no direct evidence that the defendant was ever in possession of these articles, and it is insisted in his behalf that there was no evidence of the

corpus delicti, in that there was no evidence that the suit cases were ever in the possession of any one having a knowledge of their contents, accompanied with an unlawful purpose. We cannot concur in this view. The set of circumstances which there was evidence tending to prove was such as to furnish support for an inference that the defendant was the person who had the suit cases on the train and who got the porter to put them off at the time and place at which he had engaed another to take charge of such articles for him.

As above stated, the bill of exceptions shows that the bottles containing whisky and gin which filled the two suit cases were exhibited to the jury. The contents of the suit cases are not further described. The contrary not appearing, it may be presumed, in support of the ruling of the trial court, that this demonstrative evidence as to the size of the suit cases and the quantity of prohibited liquor so found in them was such as to furnish support for an inference that the person who had the liquor put off the train had it in his possession for sale, barter, or exchange.—*Priest v. State,* 5 Ala. App. 171, 59 South. 318.

It is not made to appear by the record that this evidence, in its connection with the circumstantial evidence pointing to the defendant as the person who was in possession of the liquor while it was on the train, was such as to require the court to give the general affirmative charge requested by the defendant.

Whatever error there may have been in admitting evidence as to the above-mentioned request of the defendant to the liveryman, before evidence of the corpus delicti had been adduced was cured by the evidence subsequently introduced. The defendant's engagement of the liveryman was a circumstance which, in connection with others testified to, pointed to the defendant as the per-

[Wright v. The State.]

son who had the porter to put the two suit cases off the train.

Affirmed.