[Hodge v. The State.]

# Hodge *v.* The State.

### *Violating Prohibition Law.*

(Decided June 16, 1914.   65 South. 676.)

1. *Intoxicating Liquors; Evidence; Labels.*—Labels on boxes and barrels received by defendant from a common carrier and designedly placed thereon was some evidence of the contents of such package.

2. *Same; Jury Question.*—Under the evidence in this case the court properly submitted to the jury the question whether or not defendant kept prohibited liquors for sale.

3. *Same; Evidence.*—The depot agent from whom defendant is alleged to have received the liquors was properly permitted to testify that the receipts for the liquor were in defendant's handwriting, as tending to show that defendant actually received the liquors.

4. *Evidence; Documentary; Receipts.*—The copies of way bills with the receipts attached retained in the local office were originals and admissible as such, where the original way bills after such copying and delivery of the freight to the consignee were returned to the headquarters of the railroad.

APPEAL from Andalusia City Court.

Heard before Hon. E. T. ALBRITTON.

Tom Hodge was convicted of violating the prohibition law and he appeals.   Affirmed.

PARKS & PRESTWOOD, for appellant.   Counsel discuss the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—"Inscriptions designedly placed on bottles, boxes, or other packages, in the ordinary way, for the obvious purpose of indicating their nature or contents, may in general be regarded as competent evidence thereof, at least against those persons who have such objects in their possession, or who dispense them

to others.   Their external indicia are some evidence, stronger or weaker, according to accompanying circumstances of their internal contents.   If a defendant is accused of selling alcoholic liquor contrary to law, it cannot be rationally urged that the whisky labels on the bottles of liquid dispensed by him would not be some evidence of the nature of the liquid inside" (*Kennedy v. State,* 182 Ala. 10, 62 South. 49, 52) ; nor, we may add, can it be rationally urged that such labels, when found on boxes or barrels or other packages that are received through, and receipted for by him, from a common carrier, are not some evidence against him of the contents of such boxes, barrels, or packages upon which such labels were at the time of such receipt.

The prosecution was commenced on November 20, 1913, and the evidence for the state tended to show, among other things, that, between that date and October 4th next preceding, the defendant had receipted for from the railroad company, as a common carrier, some 20-odd boxes or cases, labeled whisky, weighing in the aggregate, roughly speaking, without stopping to figure it up exactly, about 1,200 pounds; that the defendant operated a restaurant in the town where the cases or boxes were received and receipted for; that one of such boxes or cases, labeled as containing 48 half-pints of gin, was seized by the officers when found on the wagon of a drayman, who, by the direction of the defendant, had been to the depot and gotten it and was, by such direction, carrying it to defendant's restaurant at the time of the seizure; that defendant afterwards asked the officers what they had done with "his gin"; that on one occasion, during the time covered by the indictment, the defendant at the depot where these boxes or cases were receipted for took out, for the purpose of counting and filing a claim for loss, the bottles from

one of these boxes or cases that reached there in a damaged condition; that these bottles were either pints or half-pints—the witness did not recall which—and were carried off by defendant in sacks. We think the evidence as a whole sufficiently ample in its inferences of a "keeping for sale," of which defendant was convicted, to justify the court in the refusal of the general charge requested by defendant.—*Priest v. State,* 5 Ala. App. 171, 59 South. 318; *Watson v. State,* 8 Ala. App. 414, 62 South. 997; *Foshee v. State,* 9 Ala. App. 467, 63 South. 753; *Kinsaul v. State,* 8 Ala. App. 405, 62 South. 990; *Dunn v. State,* 8 Ala. App. 383, 62 South. 379.

The depot agent, who testified as to the defendant's receipting for the divers boxes or cases of liquor hereinbefore mentioned, stated that he did not see the defendant sign each of the receipts introduced in evidence as sometimes when the defendant came and signed for the packages he (the agent) was not in, having gone out temporarily, leaving another in charge; but the witness stated that he knew the defendant's handwriting and knew that the signature to all the receipts introduced in evidence was in defendant's handwriting. We are of opinion that the evidence was competent, as the fact that the signatures were in defendant's handwriting, while not, perhaps, conclusive that he received the packages, was yet a circumstance tending to show that he did.—*Watson v. State, supra; Foshee v. State, supra.*

The agent on cross-examintion further testified that these receipts introduced in evidence were signed to copies of the waybills; the original waybills having, after such copying and a delivering of the freight described in them to the consignee, been returned to the headquarters of the railroad company, while the copies with the receipts to or on them signed by defendant were retained in the local office. These receipts were,

it is thus seen, themselves originals, and being in themselves complete—each acknowledging the receipt by defendant on a certain day named of so many cases of liquor—it was not necessary to introduce the waybills, and the state did not do so. Hence the question of the correctness of the copies of the said waybills or of laying a predicate for their introduction did not arise, and there is no merit in defendant's contention in this particular.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.