# Watson *v.* The State.

## *Violating Prohibition Law.*

(Decided June 16, 1914.   65 South. 689.)

1. *Intoxicating Liquors; Evidence.*—Where there was evidence that defendant received four cases of liquor November 10, and also that he received four cases of liquor respectively on October 5, 12, 14, 17, 20 and 28, and that his only employment at that time, and on November 10, was that of buggy boy, such evidence was not only admissible, but afforded a basis for the inference that he was receiving liquor for sale or other illegal disposition.

2. *Same.*—Where a witness testified that he saw defendant go into an express office and shortly thereafterwards four cases of liquors consigned to defendant were loaded from such office upon the wagon of the person who drove up to the door of said office as defendant entered it, the testimony of the express agent that he was not in the office at the time, but left his clerk there, who was authorized to deliver packages, that a record was kept which all persons receiving packages were required to sign, and which was then produced; that he did not see defendant sign his name as it appeared on such record, acknowledging receipt of such liquor, nor did he see such liquor

delivered, but that he knew defendant's signature, and that the signature appearing on such record was defendant's signature, was competent as tending to afford an inference that defendant received the liquor.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Asa Watson was convicted of violating the prohibition law, and he appeals. Affirmed.

See, also, 8 Ala. App. 414; 62 South. 997.

C. S. McDOWDELL, JR., for appellant. Counsel discuss the errors assigned both as to the evidence and refused charges, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—One of the state's witnesses testified, in substance, that on November 10, 1911, he saw the defendant go into the express office, and that shortly after his entrance into the express office he saw four cases of liquor that were consigned to the defendant and bore his address on the boxes loaded from the express office on to the wagon of another person that drove up to the side door of the express office as defendant entered it. The express agent, as a witness for the state, was then permitted to testify, in substance, that he was not in the express office at the time, but left his clerk in there, who was authorized to deliver packages in his absence; that a record was kept in the office, which all persons receiving express packages were required to sign before the package was delivered; that the book which the witness then produced was such record; that witness did not see the defendant sign his name, as it appeared on this record, acknowledging the receipt on November 10, 1911, of four cases of liquor, nor did he see such cases

of liquor delivered to the defendant, but that he was acquainted with defendant's signature, and that the signature mentioned as it appeared on the record mentioned was defendant's signature.

It was entirely competent to prove all and each of these circumstances as tending to afford an inference that the defendant received the cases of liquor.—*Foshee v. State,* 9 Ala. App. 77, 63 South. 753. It was also competent to prove, as was done by positive proof, that on each of the days of October 5, 12, 14, 17, 20, and 25, respectively, of 1911, the defendant also received from the express office four cases of liquor, and that defendant's only employment at that time, and on November 10, 1911, was that of a buggy boy. The large quantity received, and the frequency with which such quantities were received, was so out of proportion to defendant's only apparent means with which to purchase it and to the capacity of a normal man to consume it between such times of receipt as to furnish basis for a just inference that the defendant was receiving the liquor for sale or other illegal disposition.—*Watson v. State,* 8 Ala. App. 414, 62 South. 997; *Foshee v. State,* 9 Ala. App. 77, 78, 63 South. 753.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.