# Ratley *v.* The State.

### *Assault with Intent to Murder.*

(Decided June 18, 1914.   Rehearing denied June 30, 1914.)
65 South. 682.)

*Criminal Law; Former Jeopardy; Municipal Court.*—The conviction for a violation of a municipal ordinance is not a bar to a prosecution for the commission of a felony.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

(This case was reversed and remanded by the Supreme Court in the case of *Ex parte Ratley,* 66 South. 147.)

Raymond Ratley was convicted of assault with intent to murder, and he appeals.   Affirmed.

The plea of former jeopardy set up all the proceedings in the mayor's court of Ozark showing the arrest and conviction of defendant in said municipal court of section 215, defining and punishing an assault, or an assault and battery.

J. E. Z. RILEY, for appellant.   The conviction before the mayor's court was former jeopardy, and it was sufficiently stated in the plea to which demurrer was sustained.—*Moore v. State,* 71 Ala. 307; *Hearst v. State,* 86 Ala. 604; *Storrs v. State,* 129 Ala. 101; *Jackson v. State,* 136 Ala. 96; *Burt v. State,* 159 Ala. 131; Sec. 122-3, Code 1907.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.   The court properly sustained demurrers to the plea of former jeopardy.—*Harris v. State,* 2 Ala. App. 116; *Tarver v. State,* 64 South. 161; secs. 1216-1221, Code 1907.

[Murkison v. The State.]

WALKER, P. J.—The defendant's conviction in the recorder's court of the city of Ozark of a violation of an ordinance of that municipality was not pleadable as a defense to the indictment in this case, which charged him with a felony, and the state's demurrer to the plea which sought to set up that conviction as a defense was properly sustained.—Code, §§ 1216, 1221; *Tarver v. State*, 9 Ala. App. 18, 64 South. 161; *Harris v. State*, 2 Ala. App. 116, 56 South. 55. No question of the constitutional validity of any provision contained in section 1221 of the Code was suggested in the argument submitted in behalf of the appellant on the original submission of the cause. It may be said, however, that nothing said in the opinion rendered in the case of *Jackson v. State*, 136 Ala. 96, 33 South. 888, indicates that a conviction of a violation of a municipal ordinance can be pleaded as a bar to a prosecution for the commission of a felony.

The counsel for the appellant has not argued any other ruling which is presented for review, and no error is found in any of the court's rulings.

Affirmed.