# Jackson v. The State.

## *Violating Prohibition Law.*

(Decided June 18, 1914.  65 South. 708.)

1. *Evidence; Hearsay.*—As the United States Statutes require that packages containing intoxicating liquors for interstate shipment be marked as such on the outside, evidence that defendant received packages by interstate shipment labeled "whisky" was admissible when charged with the violation of the prohibition law.  (U. S. Comp. Statutes Supp. 1911, p. 1662).

2. *Intoxicating Liquors; Evidence; Sufficiency.*—The evidence examined and held sufficient to require a submission to the jury of the question whether defendant received a barrel of whiskey marked in his name.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Will Jackson was convicted of violating the prohibition laws, and he appeals.  Affirmed.

13 CA

C. S. McDOWELL, JR., for appellant. There was nothing in the evidence authorizing a submission to the jury as to whether it was whisky or not that defendant received.—*Jeffries v. State,* 62 South. 270; *Wright v. State,* 5 Ala. App. 150; *Oldacre v. State,* 5 Ala. App. 187; *Clark v. State,* 64 South. 158; *Jones v. State,* 90 Ala. 630.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—In addition to what is said in the opinion in the case of *Herring v. State, infra,* 65 South. 707, present term, as to the admissibility of the evidence of the packages shipped and consigned to the defendant being billed and marked or labeled "whisky," it may be well in the present case to call attention to the fact, as an additional reason for admitting such evidence, that one or more of the shipments were shown, by the evidence in this case, to have been an interstate transaction, and that packages containing intoxicating liquors shipped in interstate commerce are required by the federal statutes to be plainly marked as such on the outside of the package, under penalty of a fine and forfeiture of the goods.—Fed. Stat. Ann. 1909, § 240, p. 473; Act March 4, 1909, c. 321, § 240, 35 Stat. 1137 (U. S. Comp. St. Supp. 1911, p. 1662).

There was sufficient evidence to submit to the jury the question of the defendant, Will Jackson, having received the shipment of the barrel of whisky that was marked in his name. The clerk or agent that delivered this particular shipment, while he could not identify the defendant in court, testified that the shipment was billed to Will Jackson, and that the man he delivered it to claimed the shipment of whisky under that name.

[Perry v. The State.]

The witness Pinkston, who was personally acquainted with the defendant, and who delivered one of the packages of whisky to him, testified that the barrel of whisky was shipped to the defendant, and that there was no other person by that name in the community.

We find no error in the record, and the judgment of the circuit court will be affirmed.

Affirmed.