# Herring *v.* The State.

*Violating Prohibition Law.*

(Decided June 18, 1914.   65 South. 707.)

1. *Evidence; Hearsay; Labels.*—Evidence that packages delivered to defendant by a common carrier were billed and marked "whisky" was admissible, and some evidence that they contained that article.

2. *Same; Documentary Evidence; Memoranda; Authentication.*— Where a witness testified that he made an entry on the books of an express company, purporting to show delivery of a package marked "whisky,' that he knew defendant who was there in person and received it, that he knew the entry to be correct when made, and that he had no recollection of the transaction apart from the entry, the entry was properly admitted in evidence.

3. *Appeal and Error; Harmless Error; Evidence.*—Where a witness stated as a fact recollected apart from such entry, that the delivery was made, and that the entry was correct, the admission of the entry was harmless evidence.

4. *Intoxicating Liquors; Evidence; Persons.*—Evidence as to the quantity of intoxicating liquors, the number of deliveries of it to defendant in a short period of time, and as to the limited means of defendant for making such purchases for his own personal use, was admissible as having some tendency to show that he received it for sale or other unlawful disposition.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. Sollie.

John Herring was convicted of violating the prohibition law, and he appeals.   Affirmed.

Beasley was introduced as a witness, and testified that all during the year he had been in the service of the Southern Express Company and the Central of Georgia Railway Company, at their office in Louisville, Barbour county, Ala.   Witness was shown an entry in a book purporting to show delivery of a package for shipment marked "whisky" of date April 2, 1913, and was asked if he had made the entry showing the delivery, and answered that he did; that he knew defendant, and that he was there in person and received it; that he knew

the memorandum to be correct when it was made; and that he had no recollection of the transaction apart from the memorandum. The witness Pinkston also testified as to his connection with the Southern Express Company and Central of Georgia Railway Company, at Louisville. He was also shown the same memorandum, and testified that it was correct, and also testified independently of the memorandum as to the delivery to defendant of that package and several others during the year, all marked "whisky," and all weighing from 70 to 85 pounds.

C. S. McDowell, Jr., for appellant. The court erred in the admission of evidence, and in refusing to direct a verdict for defendant.—*Starke v. State,* 64 South. 158; *Jones v. State,* 90 Ala. 630; *Oldacre v. State,* 5 Ala. App. 187; *Wright v. State,* 4 Ala. App. 150; *Jeffries v. State,* 62 South. 270.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State.

WALKER, P. J.—The fact that packages delivered by the express company to the defendant were billed and marked "whisky" was some evidence that they contained whisky.

"Inscriptions designedly placed on bottles, boxes, or other packages, in the ordinary way, for the obvious purpose of indicating their nature or contents, may in general be regarded as competent evidence thereof, at least against those persons who have such objects in their possession, or who dispense them to others. Their external indicia are some evidence, stronger or weaker according to accompanying circumstances, of their internal contents."—*Kennedy v. State,* 182 Ala. 10, 62 South. 49.

The court properly overruled the objection to evidence of the fact above mentioned.

The court properly admitted in evidence the memorandum referred to by the witness Beasley in connection with his testimony to the effect that he had no recollection of the transaction apart from the memorandum, but that he knew when the memorandum was made by him that it was correct and that he made the delivery which it recorded.—*Southern Ry. v. Caldwell-Spence Co.,* 8 Ala. App. 583, 62 South. 975.

The defendant could not have been prejudiced by the admission in evidence of the memoranda testified about by the witness Pinkston, as nothing was stated in the memoranda, testified by the witness to have been made by him, other than what he stated as facts recollected by him.

The evidence as to the quantity of intoxicating liquor, the number of shipments of it made and delivered to the defendant, within a short period, and as to the meagerness of his means of making such purchases for his personal use, was such as to have some tendency to prove that he received it for sale or other unlawful disposition.—*Freeny v. City of Jasper,* 8 Ala. App. 469, 62 South. 385. It follows that the general affirmative charge requested in his behalf was properly refused.

Affirmed.