# *Ex Parte* **Ratley,** *in re* **Ratley v. The State.**

### *Assault with Intent to Murder.*

(Decided July 25, 1914.   66 South. 147.)

*Criminal Law; Former Jeopardy; Conviction in Recorder's Court.*—Under sections 1221-2, Code 1907, a conviction in a recorder's court on a complaint charging assault and battery, was a bar to a subsequent prosecution charging an assault with intent to murder, but based on the same facts, at the same time; the judgment in the first prosecution being a judicial determination that the crime was not a felony.

CERTIORARI to Court of Appeals.

Raymond Ratley was convicted of an assault with intent to murder, and on appeal to the Court of Appeals, judgment of the trial court was affirmed. He brings certiorari to review and revise such judgment. Writ granted.

See *Ratley v. State,* 11 Ala. App. 104, 65 South. 683.

J. E. Z. RILEY, for appellant. Counsel insists that the plea of former jeopardy was improperly overruled, and in support thereof cites the authorities to be found in his brief in 11 Ala. App. 104.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State. Counsel use same authorities as set out in their brief in the former appeal, 11 Ala. App. 104.

DE GRAFFENRIED, J.—Sections 1221 and 1222 of the Code of 1907 are, in substance, the same provisions which at one time formed a part of the charter of the city of Montgomery, and which were construed by this court in *Jackson v. State,* 136 Ala. 96, 33 South. 888.

While the city of Ozark has an ordinance which provides a punishment for assaults and batteries, the affidavit in this case charged the defendant, Ratley, with an offense which is a crime under the laws of the state. It matters not, therefore, in so far as this case is concerned, whether the recorder, in this prosecution, proceeded against the defendant under the ordinance of the city of Ozark or under the state law. The affidavit which gave him jurisdiction charged a crime under the state law, and it can hardly be insisted that the recorder, after he had convicted the defendant of the offense charged in the affidavit, and collected the fine imposed upon him under the judgment of conviction, could then have turned round and had the defendant arrested under another affidavit charging the same offense in the same words, and then again have convicted him and collected another fine out of him under the pretext that one prosecution was had under the state law and the other under the city ordinance. The truth is that, under the above section 1221 of the Code of 1907, a recorder is, in so far as misdemeanors which are committed within his city or town, or within the police jurisdiction of his city or town, are concerned, a judicial officer of the state, and possesses the same jurisdiction over such misdemeanors as a county court or court of like jurisdiction. The above section expressly so provides, and this provision was adopted for the purpose of providing against a double punishment for the same unlawful act. —*Jackson v. State, supra; Culpepper v. Adams,* 1 Ala. App. 536, 55 South. 325; *Adams v. City of Troy,* 1 Ala. App. 544, 56 South. 82. This judicial officer of the state, by assuming final jurisdiction in this matter, judicially determined that the crime which the defendant had committed was not a felony. The judgment of conviction so declares, but the fact that *final* jurisdiction was as-

sumed was itself tantamount to a judicial determination that the recorder had the jurisdiction to act.

If the defendant's plea of former conviction is true, then he is entitled to his discharge from this prosecution.—*Jackson v. State, supra; Moore v. State,* 71 Ala. 307. To give further reasons for this holding is useless, as the reasons fully appear in *Jackson v. State, supra,* and *Moore v. State, supra.*

2. In the case of *Harris v. State,* 2 Ala. App. 117, 56 South. 55, the effect of that clause of the Constitution which provides that "no person shall for the same offense be twice put in jeopardy of life and limb,' upon section 1221 of the Code, does not appear to have been presented to or considered by the court. For that reason that case cannot be regarded as of any value on the subject above discussed.

The rulings of the appellate court were not in harmony with the above views, and for that reason the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings.

Reversed and remanded. All the Justices concur.