[Johns v. The State.]

# Johns v. The State.

## Violating Prohibition Law.

(Decided June 17, 1915.   Rehearing denied July 19, 1915.
69 South. 259.)

1. *Criminal Law; Former Jeopardy.*—Notwithstanding the provisions of section 1222, Code 1907, an acquittal on a charge of selling intoxicating liquors in violation of a town ordinance is not a bar to a subsequent prosecution of the same defendant on a charge of keeping or having in his possession for sale intoxicating liquors in violation of the state law, although a conviction on the subsequent charge is sought on substantially the same evidence, such evidence being insufficient to warrant a conviction for selling liquor.

2. *Same.*—A defendant to plead former jeopardy under section 9, Constitution 1901, must show that the offense charged in the two prosecutions is the same in law and in fact; the words "same offense" as therein used meaning the same identical act and crime.

3. *Courts; Decisions Controlling.*—The decisions of the Supreme Court are binding on the Court of Appeals.

4. *Appeal and Error; Harmless Error; Instruction.*—Where the state was entitled under the evidence to a directed verdict on the plea of former jeopardy, any error in submitting the plea to the jury is without prejudice.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Sherman Johns was convicted of violating the prohibition law, and he appeals. Affirmed.

A. G. SEAY, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—(1, 2) The only question presented in this case is as to whether or not an acquittal of a defendant on a charge of "selling, bartering, giving away, exchanging, or delivering" to another spirituous, vinous, or malt liquors in violation of a town ordinance is a bar

to a subsequent prosecution of defendant on a charge of "keeping or having in his possesion for sale or other unlawful disposition" spirituous, vinous, or malt liquors in violation of state law, when his conviction upon the latter charge is sought upon the same, or substantially the same, evidence as was introduced against him on the former charge, and when that evidence is of a circumstantial character, and is sufficient to warrant a conviction for the latter charge, that is, "keeping or having in his possession for sale or unlawful disposition" such liquors, but is wholly insufficient to warrant a conviction for the former charge, that is, selling, bartering, giving away, exchanging, or delivering such liquors, since there was no evidence whatever of either a sale, barter, giving away, exchange, or delivery, but the only evidence was evidence of the possession by defendant of a large quantity of prohibited liquors, 33 gallons in pints and half pints, at a place other than in his dwelling, and from which facts it may be inferred that defendant had such liquors for purposes of sale or other unlawful disposition, though it cannot be inferred that he had in fact sold or otherwise actually and unlawfully disposed of any part of such liquors.—*Preist v. State,* 5 Ala. App. 171, 59 South. 318; *Hodge v. State,* 11 Ala. App. 185, 65 South. 676; *Watson v. State,* 11 Ala. App. 199, 65 South. 689; *Herring v. State,* 11 Ala. App. 202, 65 South. 707; *Salley v. State,* 9 Ala. App. 82, 64 South. 185; Fuller Bill (Gen. & Loc. Acts Sp. Sess. 1909, p. 64, § 4).

Such evidence might, as said, well sustain a conviction for keeping or having in possession for sale or other unlawful disposition such liquor, but certainly would not sustain a conviction for an actual sale, barter, exchange, delivery, or giving away. Does the fact, there-

fore, that on this evidence the defendant was previously
acquitted on a trial under the charge of selling, etc.,
bar his subsequent prosecution on that evidence under
the present charge of keeping for sale, etc.?

(3) It seems to us not; and in support of this view
we quote approvingly as follows from 17 Am. & Eng.
Ency. Law (2d Ed.) 596 et seq. to wit: "The prohibition
of the common law and of the Constitution is against
a second jeopardy for the 'same offense,' that is, the
same identical act and crime, or, as expressed in a num-
ber of cases, to entitle a defendant to plead successfully
former jeopardy, the offense charged in the two prose-
cutions must be the same in law and in fact. Thus an
acquittal or conviction on a prosecution for keeping a
gambling house will not bar a prosecution for gambling
or for being a common gambler, nor will a conviction
on a prosecution for gambling bar a prosecution for
keeping a gambling house. It is perhaps impossible to
lay down an infallible test for determining the identity
of offenses in all cases. But a test which is of almost
universal application is whether the facts required to
support the second indictment would have been suffi-
cient, if proved, to have procured a conviction under the
first indictment. If they would be, the offenses are iden-
tical. That evidence tending to establish the guilt of the
accused was properly admitted against accused under
a previous indictment against him for another offense
constitutes no bar to his indictment."—Am. & Eng.
Ency., supra; Const. 1901, § 9.

From 12 Cyc. 280, we quote on the same subject, as
follows: "Several rules have been laid down by the au-
thorities for determining whether the crimes are identi-
cal. One test is to ascertain whether the facts alleged
in the second indictment would, if given in evidence,

have warranted a conviction on the first, and if this is the case, then the crimes are assumed to be identical." —Cyc., supra.

This is not the case here, as before seen; and we have no hesitancy, therefore, in holding that the former acquittal of defendant under a charge of selling, exchanging, bartering, giving away, or delivering liquors in violation of a municipal ordinance on the same evidence as was here introduced is not a bar to this prosecution for keeping or having in possession for sale or other unlawful disposition such liquors in contravention of state statutes. See *Harrison v. State,* 36 Ala. 248; *Foster v. State,* 39 Ala. 229; *Gordon v. State,* 71 Ala. 315; *Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496; *State v. Standifer,* 5 Port. 523; *Bowen v. State,* 106 Ala. 178, 17 South. 335.

Prior to the enactment of section 1222 of the Code, the general rule was that in no case would a prosecution for a violation of a municipal ordinance bar a subsequent prosecution under a state statute, although the latter prosecution be based on the same act as the first, and although the crime denounced by the ordinance was identically the same as that denounced by the statute. —Am. & Eng. Ency. Law, supra, p. 605; *Englehardt v. State,* 88 Ala. 100, 7 South. 154; *Mobile v. Allaire,* 14 Ala. 400.

(4) The object of the section (1222) was merely to change this rule so that the prior prosecution under the ordinance would be a bar the same as if it had taken place under a statute, provided, par parenthesis, the subsequent prosecution was for a misdemeanor as this court has held, though our Supreme Court have held, which is, of course, binding on us, that it is a bar even if the subsequent prosecution is for a felony.—*Ratley v. State,*

11 Ala. App. 104, 65 South. 682; *Ex parte Ratley,* 188 Ala. 107, 66 South. 147.

However this be, it is clear that if a prosecution, under a statute identical in terms with the ordinance here, would not bar the present prosecution—and it would not, as pointed out—then certainly a prosecution under the mentioned ordinance would not operate as a bar to the present prosecution.

We fail to find that anything which was said or held in the cases of *Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 116, and in *Cast v. State,* 11 Ala. App. 117, 65 South. 718, cited us by appellee, is to the contrary.

The plea of former jeopardy was, omitting the heading and signing, as follows: "Comes the defendant in his own proper person, and for plea says: He ought not to be required to answer this complaint, and that the state ought not to prosecute the same against him, because on, to wit, the 3d day of April, 1914, he was tried and convicted in the mayor's court of the town of Brundidge for the violation of an ordinance committed within the police jurisdiction of the said town of Brundidge, and from said conviction he appealed to the circuit court of Pike county, and was in said circuit court placed on trial for the violation of the said ordinance, and was then and there acquitted of the said charge, and that the charge for which he was finally acquitted in said circuit court was a prosecution for the same, or substantially the same, offense as that charged in the complaint in this case, and he makes oath that this plea is true."

The state joined issue on the plea; and the only evidence introduced by defendant in support of the plea was the affidavit and warrant under which he was formerly tried, together with the municipal ordinance upon which such affidavit and warrant were based, followed

by proof that on such trial the same evidence was introduced and relied on for a conviction of defendant as was introduced and relied on by the state for a conviction on the present trial, and that on that evidence he was acquitted of the former charge on the trial of the case on appeal in the circuit court.

(5) For reasons, as before pointed out, this evidence introduced by defendant in support of his plea of former jeopardy was not sufficient to sustain said plea; and the court was consequently not in error in refusing the special charges requested by defendant, but would have been justified in giving the general affirmative charge for the state on the plea of former jeopardy. Such was not done, however, but the case was submitted to the jury on both of defendant's pleas—the plea of not guilty and the plea of former jeopardy—at the same time without objection from defendant. The jury returned a general verdict of guilt, without reporting any findings on the plea of former jeopardy. While this was error (*Toney v. State*, 10 Ala. App. 220, 65 South. 92), yet it was error without injury, since the state was, as shown, entitled to the affirmative charge on the plea of former jeopardy, and the error will not therefore work a reversal of the judgment.—*Barber v. State*, 151 Ala. 57, 43 South. 808; *Bienville Water Supply Co. v. Mobile*, 125 Ala. 178, 27 South. 781; *Bowling v. Mobile & Montgomery Ry. Co.*, 128 Ala. 556, 29 South. 584.

As we find no reversible error in the record, it follows that the judgment of conviction must be, and is, affirmed.

Affirmed.