# Black *v.* The State.

### *Indictment for Gaming.*

1. *Plea of former conviction; sufficiency thereof.*—A plea of former conviction must set out in full the indictment or complaint on which the former trial was had; and its failure to do so renders such plea defective and subject to demurrer.
2. *Pleading and practice; motion to strike.*—Where a motion to strike a plea points out the defects therein and gives the same advantage to the defendant as he would have obtained by demurrer, it is not a prejudicial error to allow such motion, even though a demurrer should have been interposed.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. J. W. FOSTER.

The appellant, Joe Black, was indicted, tried and convicted for betting at a game played with cards or dice, or

some device for cards or dice, in a public house, highway or some other public place, or at an outhouse where people resort. The defendant filed the following plea of former conviction: "And now comes the defendant by attorney and pleads and says that the State of Alabama ought not further to prosecute the said indictment against him because, to-wit, at the mayor's court of the town of Brewton, which said court by virtue of its charter, enacted by the legislature of Alabama, approved February 18th, 1891, has concurrent jurisdiction with the circuit court and county court of Escambia county, Alabama, of all misdemeanors committed in said town, did on the 5th day of January, 1898, on an affidavit filed by George A. Frederick, in said mayor's court, charging the said Joe Black with the offense of gaming, committed in the said town of Brewton, Escambia County, Alabama, and being an offense against the laws of the State of Alabama, and that on the 5th day of January, 1898, at the mayor's court of said town of Brewton, present the Hon. C. D. Henderson, mayor as aforesaid, the said Joe Black was arraigned and tried before the said mayor and the said mayor then and there adjudged the defendant guilty of said offense of gaming and assessed a fine of five dollars and all costs of said court; and the said defendant saith that he is now charged in this present indictment with the offense of playing cards or dice in a public house, highway, or some other public place, which offense defendant alleges is based upon and is the same transaction as alleged in said indictment before said mayor; all of which said defendant is ready to verify. Wherefore he prays judgment, and that he may be discharged."

The State, by its solicitor, moved the court to strike said plea upon the following grounds: "1. That the mayor's court of the town of Brewton had no jurisdiction of this case. 2. That said plea fails to set out the affidavit or writ of arrest issued by said mayor's court. 3. That said plea fails to set out the record of the mayor's court wherein the case was tried. 4. That said plea fails to set out in whole or in part the former indictment in this case. 5. That said plea fails to aver the identity of the prisoner with the person formerly convicted in this case.

6. And that the mayor of the town of Brewton as such had no jurisdiction to make a final disposition of this case."

On the hearing of above motion defendant introduced in evidence to sustain his plea the amended charter of the town of Brewton as contained in Acts 1890-91, page 994, and also read in evidence section 16 of said act, giving the mayor of said town of Brewton "Jurisdiction of and power to try all violations of the laws, by-laws and ordinances of said town, and original jurisdiction concurrent with the county and circuit courts to try all misdemeanors known and punishable by the laws of the State of Alabama, committed within the corporate limits of said town, and shall have power to punish by fine or imprisonment or one or both all contempts of court or process, and in the case of the absence of the mayor, the mayor acting *pro tempore* shall have all the power and jurisdiction of the mayor;" and said act further provided: "In all cases where a person is convicted or acquitted before the mayor or acting mayor for an offense which is a misdemeanor under the laws of the State, such conviction or acquittal shall be a bar to a prosecution of such person for such offense before any State court. The mayor or acting mayor shall have the same power, authority and jurisdiction to try and punish all persons committing misdemeanors within the corporate limits of said town of Brewton as the judge of the county court."

The court sustained the State's motion and struck the defendant's plea from the file, and to this ruling the defendant duly excepted.

On the trial of the cause, the jury returned a verdict of guilty, assessing a fine of fifty dollars, and judgment was rendered accordingly.

NORVELLE R. LEIGH, JR., for appellant, cited *Powell v. State*, 89 Ala. 172; *Moore v. State*, 71 Ala. 307; *Lindsay v. Morris*, 100 Ala. 547; *Powell v. Crawford*, 110 Ala. 294.

CHAS. G. BROWN, Attorney-General for the State, cited *Henry v. State*, 33 Ala. 389; *Foster v. State*, 39 Ala. 229; *Baysinger v. State*, 77 Ala. 60.

McCLELLAN, C. J.—The plea of former conviction was fatally defective in not setting out the affidavit on which the alleged former trial was had.—*Henry v. State*, 33 Ala. 389; *Foster v. State*, 39 Ala. 229; *Baysinger v. State*, 77 Ala. 60; *Cross v. State*, 117 Ala. 73; *Hollis v. State, ante*, p. 74.

If the State should have been put to its demurrer to this plea, the error in adjudging it bad on the motion to strike could not have prejudiced the defendant since the motion specifically pointed out its defects, and thus afforded defendant every advantage he would have had upon demurrer.—Code, §4333.

Affirmed.