# Culpepper *v.* Adams.

## *Habeas Curpus to be Discharged from Custody.*

(Decided April 19, 1911.  55 South. 325.)

*Fines; Non-Payment; Imprisonment; Recorder; Statutes.*—Section 1216, Code 1907, when construed in connection with sections 1221 and 1222. is limited to convictions for violations of municipal ordinances, and the use of the term "as provided by law" in section 1221 fixes the duty upon the recorder of punishing one convicted by him of an offense which is a misdemeanor under the state law according to the law of the state; hence, where a recorder has convicted one of an offense which is a misdemeanor under the laws of the state punishable by fine only, and had fined him $100 and costs, could on said fine and costs not being paid sentence such one to hard labor only in accordance with section 7634, Code 1907, for thirty days for fines and section 7635, Code 1907, at the rate of 75 cents per day for costs.

APPEAL from Pike Probate Court.

· Heard before Hon. ALEX. C. EDMUNDSON.

[Culpepper v. Adams.]

Hill Adams was convicted in the recorder's court of the city of Troy and sentenced to two hundred and eight days to pay fine and costs. He applied for habeas corpus to be discharged, making the hard labor agent of the city of Troy respondent. From an order discharging petitioner, the city of Troy and its hard labor agent appeals. Affirmed.

FOSTER, SAMFORD & CARROLL, for appellant. Counsel insist that the only inquiry that can be entered into in this proceeding was the jurisdiction of the court to render the judgment, and that mere irregularities or errors in the proceedings are not available.—*Ex parte Bizzell,* 112 Ala. 210; *Bray v. The State,* 140 Ala. Defendant pleaded guilty in the recorder's court and submitted to judgment without objection or exception which is a waiver of all irregularities.—*Murphy v. Whitley,* 70 Ala. 554; *McNeal v. The State,* 71 Ala. 71. Counsel discuss the Municipal Code Act and conclude that it is indefinite and hard to understand. They insist that the case of *Rosenburg v. City of Selma,* 168 Ala. 195, settles certain well defined principles of law governing in this case.

A. G. SEAY, for appellee. Counsel insist that under section 1188, Code 1907, the recorder had no jurisdiction to try the defendant in the mayor's court, and hence, that the judgment was void. It is further insisted that no hard labor was imposed by the original judgment and that a subsequent judgment imposing hard labor was beyond the jurisdiction of the court.—*In re Newton,* 10 So. 549. If the petitioner was tried under section 1221, Code 1907, the hard labor imposed should have been for the county.—Secs. 1221, 1222 and 7620, Code 1907; *Rosenburg v. City of Selma,* 168 Ala. 195.

If the petitioner was tried for the violation of a state law and sentenced to hard labor otherwise than for the county, the sentence would be void.—*Ex parte Joyce,* 7 So. 3.

DE GRAFFENRIED, J.—On February 21, 1910, Hill Adams was arrested under the following warrant issued upon the following affidavit:

"The State of Alabama, City of Troy, Pike County. Before me, J. L. Copeland, councilman and acting mayor of the city of Troy, personally appeared W. B. Folmar, who, being duly sworn, says on oath that he has probable cause for believing, and does believe, that in the police jurisdiction of the city of Troy, within twelve months before making this affidavit, that Hill Adams, with the intent to injure or defraud his employer, W. B. Folmar, entered into a contract in writing with W. B. Folmar, for the performance of an act or service for him, and thereby obtained from said W. B. Folmar fifty-one dollars in money, and with like intent, and without just cause, and without refunding such money, refused or failed to perform such act or service, and the amount of damages sustained by said employer is the sum of $51.00, on account of default.   W. B. Folmar.

"Sworn to and subscribed before me Feb. 21st, 1909. J. L. Copeland, Acting Mayor."

"The State of Alabama, City of Troy, Pike County. Mayor's Court.   To any Lawful Officer of the City of Troy—Greeting:   You are hereby commanded to arrest Hill Adams, and bring him before me instanter, to answer the city of Troy, of a charge of obtaining money by fraudulently making contract, preferred by W. B. Folmar.   Witness my hand this 21st day of Feb., 1910. J. L. Copeland, Acting Mayor."

. He was carried before J. L. Copeland, acting mayor of the city of Troy, on the same day, pleaded guilty, was fined $100 and costs, and, the fine and costs not being paid, was sentenced to work on the streets and alleys of the city of Troy for 208 days. Thereupon, the said Hill Adams, after he had served 90 days of the sentence, filed with the judge of probate of Pike county a petition for a writ of habeas corpus, alleging, among other things, that he was being unlawfully restrained of his liberty, and praying for his discharge. Upon the hearing of the petition, the court made an order discharging the petitioner from custody, and the city of Troy appeals.

This prosecution was for an offense which is a misdemeanor under the laws of Alabama. The acting mayor of Troy fined the defendant $100 and the costs, which amounted to $2, and sentenced the petitioner to work on the streets and alleys of the city of Troy for 200 days for the fine and 8 days for the costs. Sections 1221 and 1222 of the Code of Alabama are as follows:

"Sec. 1221. *Recorder; concurrent jurisdiction with county court; judgment of one, bar to prosecution.*— The recorder shall have original and concurrent jurisdiction with the county court or court of like jurisdiction, of all misdemeanors committed within the city or town, or within the police jurisdiction thereof, but no fine or judgment of acquittal or conviction rendered by said recorder shall be a bar to a prosecution by the state in any case where the facts or offense charged constitute a felony under the laws of the state of Alabama. When a person has been tried and convicted of any offense which is a misdemeanor under the state laws, by a municipal officer empowered by law to try such offenses, *he shall be punished as provided by law.*

"Sec. 1222. Fines and punishments same as in state courts.—The limits of the fine shall be the *same* as the *limits* imposed by the *state* for the *same offense,* and whenever the state law prescribes for *such offense one or more of said punishments conjunctively* the punishment by the municipality shall be *as prescribed by law.* When any person has been tried by any municipal court for a misdemeanor or for violation of an ordinance committed within the police jurisdiction of the municipality, the judgment shall bar a prosecution for the same offense, or substantially the same, offense in the state courts, and when a person has been tried for a misdemeanor in the state courts the judgment shall bar a prosecution for the same, or substantially the same, offense in the municipal court." The above italics are ours.

These sections of the Code are intended to prevent a double punishment for the same act. It frequently happened that the same act constituted a violation of a state statute and a municipal ordinance, and the defendant was subject to punishment under both. To remedy this injustice, to provide a single punishment for the single act, these sections were provided, their object, purpose, and achievement being to give either municipal or state courts jurisdiction, but not both, and to govern the action of either body by the law of the state.

Section 1221 expressly provides that "when a person has been tried and convicted of any offense which is a misdemeanor under the state laws, by a municipal officer empowered to try such offenses *he shall be punished as provided by law.*" That the words "he shall be punished as provided by law" means that he shall be punished as provided by the laws of the state, it seems, too plain to admit of argument. Section 7634 of the Code of Alabama provides that "when a fine in case of misdemean-

or is assesed, if the fine and costs are not paid, or a judg-
ment confessed, etc., the defendant must either be im-
prisoned in the county jail, or, at the discretion of the
court, sentenced to hard labor for the county as follows:
If the fine exceeds fifty, and does not exceed one hun-
dred dollars, thirty days," and section 7635 provides for
additional hard labor for the payment of the costs at the
rate of 75 cents per day. The petitioner was sentenced
to 200 days hard labor on the streets of Troy, when, un-
der the laws of Alabama, he should have been sentenced
for only 30 days, and he was sentenced to work 8 days
for the payment of $2 costs, when, under the laws of the
state, his sentence for the costs should have been, as
above shown, for a period not exceeding 3 days. This
record discloses that the petitioner actually worked 90
days under the sentence in this case before he made ap-
plication to the judge of probate for the writ of habeas
corpus.

The acting mayor, who tried the case and imposed the
sentence, was evidently attempting to act under section
1216 of the Code, but sections 1216, 1221, and 1222,
forming a part of the same article and relating to the
same general subjects, are to be construed together.
Section 1216, which provides that "the recorder trying
any person for violation of any by-law of the city shall,
upon conviction of such person, have the power to fine
and imprison him, and to sentence him to hard labor
upon the streets or public works, or in the workhouse or
house of correction of the city; and, in the event the
fine and costs are not presently paid, to require the of-
fender or person thus in default to work out the fine
and costs under the direction of the city authorities, al-
lowing not exceeding one dollar for each day's service;
provided, that no fine shall exceed one hundred dollars,
and no sentence to imprisonment or hard labor shall ex-

ceed six months," refers to by-laws and ordinances of the city for violations of the police regulations of the city, and has not within its contemplation prosecutions for offenses which are misdemeanors under the laws of the state and for which the general law has furnished a method of punishment.

For offenses punishable under sections 1221 and 1222 of the Code, it is expressly provided that the limits of the fine shall be the same as the limits imposed by the state for the same offenses, and it is also provided in those sections that, whenever the state law prescribes for such offenses one or more of such punishments conjunctively, the punishment for the municipality shall be as prescribed by law. In other words, a municipal officer having the power of a recorder can, for offenses punishable under sections 1221 and 1222, impose in many cases fines much greater than $100, and in many of such cases may, in addition to the fine, impose hard labor for more than six months, as additional punishment, and, this being true, these sections require that for such offenses there shall be the same sentences as are provided by the general laws of the state.

On the other hand, for convictions had under section 1216, which contemplates convictions for the violation of the by-laws and ordinances of the city, there is an express provision that no fine shall exceed $100 and no sentence shall exceed 6 months. It is the evident intention of our lawmakers that a fine or sentence to hard labor imposed for the violation of a criminal law of the state shall be the same, or substantially the same, whether the trial is had in a state or municipal court, and that for the violation of a municipal ordinance dealing with police regulations of the city the fine shall not exceed one hundred dollars, nor the sentence to hard labor be for a greater period than six months.

[Culpepper v. Adams.]

This offense is one punishable, under the laws of Alabama, by fine only; for it the law provides no imprisonment or hard labor as additional punishment. If the petitioner had been tried in a circuit court of the state for this misdemeanor, the limit of the fine, under the statute creating the offense, would have been the fine actually imposed by the acting mayor of Troy, and the limit of the sentence in default of the payment of the fine would have been 30 days, and no more. It is plainly contemplated by the above statutes that the same fines, the same sentences, and the same punishments shall be imposed for like offenses against the laws of the state, whether the defendant is tried in a state or a municipal court, and it is also plain that the purposes of the statute would be defeated if the length of the service in default of payment of fine was contingent on the forum in which tried. The law provides, in cases of misdemeanor, but one standard by which to measure the length of service in default of the payment of a fine, and this standard is to be applied alike by all courts. Section 7260 of the Code provides that "the only legal punishments, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the state, and death by hanging."

It is not necessary for us to determine, however, whether a municipal officer authorized to hold a municipal court has the jurisdiction to sentence a person convicted by him of an offense which is a misdemeanor under the laws of Alabama to work upon the streets or public works, or in the workhouse or house of correction of the city, or whether such sentence in such a case should be imprisonment in the county jail or hard labor for the county. It is sufficient for us to say that the

[Adams v. City of Troy.]

record plainly shows that, whether the acting mayor of Troy had the power to sentence the petitioner to hard labor upon the streets or alleys of Troy or not, the sentence was for a period greatly in excess of that authorized by law, and the record further shows that the petitioner had actually worked at hard labor upon the streets and alleys of Troy under this sentence for a period longer than that authorized by the laws of the state before he filed his petition for a writ of habeas corpus.

It is unnecessary for us to determine any other question presented by this record, nor any question discussed by counsel in their briefs. It is plain that the probate court committed no error in awarding the petitioner his writ of habeas corpus, or in ordering his discharge. The judgment of the court below is affirmed.

Affirmed.