# Jones v. The State.

### Habeas Corpus.

(Decided Jan. 30, 1912.   57 South. 1031.)

*Judgment; Fines and Costs; Sentence.*—Where the defendant pleaded guilty to an assault and battery, and there was no suggestion that the prosecution was for the violation of a municipal ordinance, the charge imported an offense against the criminal laws of the state, and is punishable only by fine or imprisonment in the county jail, or by hard labor for the county, and hence, a judgment sentencing the defendant to hard labor for the mayor and aldermen of a city, was erroneous.

APPEAL from Pike County Law Court.

Heard before Hon T. L. BORUM.

Habeas corpus by Ike Jones, to be discharged from illegal sentence. From a judgment dismissing the writ, petitioner appeals. Reversed and rendered.

D. A. BAKER, for appellant.  No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—It appears from the petition or the writ of habeas corpus, the return to the writ, and the evidence offered on the hearing that the petitioner was detained by the superintendent of streets for the ctiy of Troy under a sentence "to hard labor for the mayor and councilmen of Troy 200 days to pay fine, 8 days to pay costs," imposed by the mayor of Troy on petitioner's failure to pay or confess judgment for the fine and costs assessed against him on his plea of guilty to a charge of assault and battery.

The charge imported an offense against the criminal law of the state, as the petition alleged it to be; there being no suggestion that the prosecution was for a violation of a municipal ordinance.  "When a person has been tried and convicted of any offense which is a misdemeanor under the state laws, by a municipal officer empowered by law to try such offenses, he must be punished as provided by law." This means that he shall be punished as provided by the laws of the state.—*Culpepper v. Adams* 1 Ala. App. 536, 55 South. 325.  Under the state law a person convicted of an assault and battery must "be fined not more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months"—Code, § 6306  On a conviction on such a charge, there is no authority of law for sentencing the defendant to hard labor for a municipality

It appearing that the judgment under which the petitioner was held is not within the power or jurisdiction

[Ex parte Felker.]

of the mayor to impose on a conviction under such a charge, and is therefore void, the order or judgment appealed from is reversed, and a judgment discharging the appellant from custody will here be rendered

Reversed and rendered.