# Cast *v.* The State.

*Abusvie Language.*

(Decided June 16, 1914. 65 South. 718.)

*Criminal Law; Former Jeopardy; State and Municipal Offenses.*—Under sections 1221-2, Code 1907, an act may be at once an offense against the municipal ordinance and a state statute, and a conviction in a municipal court for using profane language properly pleaded and proved to have been based on the same misconduct bars a prosecution by the state for a violation of section 6217, Code 1907.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

W. Clinton Cast was convicted of using abusive or insulting language, and demurrer having been sustained to his plea of former jeopardy, he appeals. Reversed and remanded.

RIDDLE & ELLIS, for appellant. The plea was in Code form, and set up a perfect defense to the action, and hence, the demurrers thereto were improperly sustained. —Secs. 1221-2, and 7574, Code 1907; *Culpepper v. Adams*, 1 Ala. App. 536.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—Sections 1221 and 1222 of the Code are intended to prevent a double punishment for the same act or conduct.—*Culpepper v. Adams*, 1 Ala. App. 536, 537, 55 South. 325, 326. Section 1222 expressly provides that:

"When any person has been tried by any municipal court for a misdemeanor or for violation of an ordinance committed within the police jurisdiction of the municipality the judgment shall bar a prosecution for the same, or substantially the same, offense in the state courts."

The defendant was indicted in the court below for an offense against the state laws, the indictment charging him with using abusive, insulting, or obscene language in the presence or within the hearing of a woman, in violation of section 6217 of the Criminal Code. The defendant filed a plea of autrefois convict, alleging that he had been tried and convicted in the municipal court of the town of Vincent for the same, or substantially the same, offense, based upon the same matters and transactions as alleged or charged against him in the indictment. The affidavit upon which he was tried was attached as an exhibit to the plea. The plea was in the code form (Code, § 7574, subd. 5), and the court was in error in sustaining demurrers to the plea. It is true the affidavit attached as an exhibit to the plea charged that

the defendant "did quarrel in a loud tone or use profane, vulgar, or indecent language in a public place, or in a private place loud enough to be heard by neighbors, or act in an indecent, riotous, or disorderly manner on the streets or at some place in said town, in violation of an ordinance of said town," while the indictment charges the abusive, insulting, or obscene language to have been used in the presence of a woman but the plea alleges that the two charges are based on the same acts or conduct of the defendant, and have reference to the same matters and transactions, and, if so, it would be a prosecution for the same, or substantially the same, offense.

"It frequently happened," as said in *Culpepper v. Adams, supra,* "that the same act constituted a violation of a state statute and a municipal ordinance, and the defendant was subject to punishment under both. To remedy this injustice, to provide a single punishment for the single act, these sections [1221 and 1222] were provided; their object, purpose, and achievement being to give either municipal or state courts jurisdiction, but not both."

An *act* may be at once an offense against a state statute and a municipal ordinance, but if the offense is based on the same conduct, the same matters or transactions, the offense is the same, or substantially the same, in each instance, and a judgment on the trial of one by a court of competent jurisdiction bars a subsequent prosecution, when properly pleaded, in a court of concurrent jurisdiction.—See *Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 116.

For the error pointed out in sustaining the state's demurrers to the defendant's plea, the judgment of the lower court must be reversed.

Reversed and remanded.