(81 South. 185)

### BACHELOR v. STATE. (5 Div. 297.)

(Court of Appeals of Alabama. Jan. 14, 1919.)

CRIMINAL LAW ⬤═══280(3) — PLEA—ANOTHER PROSECUTION PENDING.

A plea that the indictment should not be prosecuted because prior to its finding a criminal prosecution against defendant for the same offense was begun in county court, without his agency, request, etc., and is still pending, complies with Code 1907, § 7571, as to the requisites of such a plea, and it was error to strike such plea, in view of section 7570.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Edgar Bachelor was convicted of violating the prohibition law, and appeals. Reversed and remanded.

The following is the plea referred to:

The defendant says the state ought not to further prosecute this indictment against him, because before the finding of said indictment a criminal prosecution against him for the identical offense charged in said indictment was begun in the county court of Elmore county, and said prosecution is still pending. Defendant avers that said prosecution in said county court was commenced without the agency, request, participation, connivance, or authority of the defendant, all of which the defendant is ready to verify.

George F. Smoot, of Wetumpka, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

BROWN, P. J. The defendant's plea, setting up the pendency of a prosecution in the county court instituted before the commencement of this prosecution, is in proper form, and embodies all the averments required by the statute (Code 1907, § 7571), and the court committed reversible error in striking the plea from the files on the motion of the solicitor. Code 1907, § 7570; Sherrod v. State, 14 Ala. App. 57, 71 South. 76; Gustin v. State, 10 Ala. App. 171, 65 South. 302; Moore v. State, 71 Ala. 307.

Reversed and remanded.