## WHITAKER v. STATE.    (8 Div. 178.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 11, 1925.)

**1. Criminal law ⬗280(3)—Instruction to find for state on defendant's plea in abatement held proper.**

Where defendant was arrested for violation of Prohibition Act on a warrant issued out of county court, and upon being prosecuted for same cause in circuit court, the former court, on motion of prosecuting attorney, dismissed cause, jury *held* properly instructed to find for state on defendant's plea in abatement alleging pendency of prior prosecution in the county court.

**2. Criminal law ⬗178—Nol. pros. before jeopardy has attached does not bar further prosecution.**

Where nol. pros. is entered before defendant is placed in jeopardy, its only effect is to end the particular prosecution, and does not absolve defendant from liability to further prosecution for same offense.

**3. Criminal law ⬗1045, 1050—Where no ruling of court is shown, nothing is presented for review.**

Where *no ruling* of court upon demurrers is shown, and there is no exception to failure of trial court to pass upon them, objection to court's failure to sustain demurrer presents nothing for review.

**4. Criminal law ⬗284—Where there is a plea in abatement and a finding against defendant, trial should proceed with the same jury.**

Where there is a plea in abatement, defendant is entitled to a separate trial upon such issue, and, if found against him, trial should proceed with the same jury.

**5. Criminal law ⬗1169(1)—Testimony of witness that he was federal prohibition officer not prejudicial error.**

In prosecution for violation of Prohibition Act, testimony of witness that he was a federal prohibition officer *held* not prejudicial error.

**6. Criminal law ⬗400(2)—Testimony that at time of finding whisky prosecuting witness was acting under search warrant issued out of federal court held proper.**

Testimony of prosecuting witness, in prosecution for violation of Prohibition Act, that at the time of finding whisky he was acting under search warrant issued out of federal court *held* proper, though contents of such warrant were not offered.

**7. Criminal law ⬗369(6)—Evidence of whisky found in different places held not objectionable as evidencing separate and distinct offenses.**

In prosecution for violation of Prohibition Act, evidence of whisky found in defendant's store, and also of whisky found in defendant's barn during same search, *held* not objectionable as evidencing separate and distinct offenses.

**8. Criminal law ⬗829(1)—Charges may be properly refused when same principles have been fully and substantially covered by charges given.**

Charges, though asserting correct propositions in law, may be properly refused where same principles have been fully and substantially covered by charges given.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Joe Bill Whitaker was convicted of violating the Prohibition Law, and he appeals. Affirmed.

John A. Lusk, of Guntersville, for appellant.

Failure to require the state to elect upon which count it would prosecute constituted prejudicial error. Gibson v. State, 14 Ala. App. 111, 72 So. 210; Parsons v. State, 19 Ala. App. 111, 96 So. 719. Requested charges on reasonable doubt should have been given. Fleming v. State, 150 Ala. 19, 43 So. 219; Brumbough, Legal Reasoning, 515; Craft v. State, 95 Ala. 3, 10 So. 517; Rogers v. State, 117 Ala. 192, 23 So. 82.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

·BRICKEN, P. J. From a judgment of conviction in the circuit court of Marshall county on October 18, 1923, this appeal was taken; the certificate of appeal being here filed on December 31, 1923. The transcript was filed with the clerk of this court on June 19, 1924, and the cause was "submitted on briefs" January 22, 1925. On April 7, 1925, this court handed down a decision (through Samford, J.), affirming the judgment of ·conviction appealed from. Upon motion of appellant the opinion was withdrawn and the affirmance set aside and cause restored to docket on April 9, 1925. On May 21, 1925, the cause was argued orally to the court by counsel for appellant, and was duly submitted on that date.

We have given further consideration to the questions presented on this appeal, and, as the points of decision are the same as when originally submitted, we again adopt the subjoined opinion prepared by Samford, J., as the decision of this court, being of the opinion that the decision referred to covers all questions raised on this appeal, and is correct as

to the conclusion reached and the reasons therefor.

PER CURIAM. [1, 2] Defendant was arrested on a warrant issued out of the county court of Marshall county on an affidavit charging a violation of the prohibition law. While this cause was pending in the county court the grand jury of Marshall county returned an indictment against the defendant charging the same offense, and based upon the same state of facts. After the return of this indictment into the circuit court, the solicitor representing the state appeared in the county court, and over the protest and objection of defendant dismissed the case there pending, which dismissal was duly entered by the judge of the county court on the 5th day of March, 1923. When this cause came on to be heard on October 18, 1923, defendant filed a plea in abatement alleging the pendency of the prior prosecution in the county court. On the trial of this issue it was made to appear that the case in the county court had been dismissed as hereinabove stated. This appearing without conflict, the court, at the request of the state, in writing, instructed the jury to find the issue for the state. Of course, if the charge had still been pending in the county court the plea would have been good. Bachelor v. State, 16 Ala. App. 665, 81 So. 185. The solicitor is the representative of the state in all criminal prosecutions within his jurisdiction, and he may, with the consent of the court, enter a nol. pros. in any pending criminal case. 4 Mich. Dig. 113, par. 177 (2). When a nol. pros. is entered before the defendant has been placed in jeopardy, its only effect is to end that particular prosecution, and does not absolve defendant from liability to further prosecution for the same offense. Walker v. State, 61 Ala. 30; O'Brien v. State, 91 Ala. 25, 8 So. 560. The court properly gave the general charge for the state on the plea in abatement.

[3] No ruling is shown upon the demurrers, nor is there exception to the failure of the trial court to pass upon demurrers to the indictment; this being true, nothing is here presented in this connection. Without some ruling of the court on a question presented there is nothing to review.

[4] Where there is a plea in abatement the defendant is entitled to, and in this case had, a separate trial on the issue tendered. The issue on the plea in abatement is first submitted, and, if found against the defendant, the trial proceeds. The jury is selected to pass upon all the issues of fact arising in the trial of the case, and the plea in abatement presents only one of the issues, and it is not necessary that a new jury should be selected for the purpose of passing upon the other issues. Moss v. State, 16 Ala. App. 34, 75 So. 179.

Counts 1 and 2 were eliminated by the action of the court in instructing the jury that no conviction could be had on those counts, and hence it is not necessary for us to pass upon the question regarding an election by the solicitor as between those counts and count 3 upon which the conviction was had. Porter v. State, 17 Ala. App. 550, 86 So. 143.

[5] There was no prejudicial error in the rulings of the court permitting state's witness Root to testify that he was a federal prohibition officer.

[6] It was also permissible for the state to show by the witness Root that, at the time of the finding of the whisky made the basis of this prosecution, witness was acting under a search warrant issued out by the federal court; the contents of the search warrant were not offered.

[7] Under the state's evidence, the first whisky found was in defendant's iron safe in his store, and afterwards during the same search there was found 15 gallons in defendant's barn nearby. There was objection to the testimony as to the 15 gallons, upon the theory that the same constituted a separate and distinct offense. We do not agree with this contention. Whether the whisky was in one place or a dozen places, if the possession was in the defendant and at the same time, the defendant could only be prosecuted for one offense. The defendant is not prosecuted on a charge of possessing any particular amount or brand of whisky, but the offense is complete when it is proven that he possessed prohibited liquor, and such prosecution covers all the whisky he possessed at that time. It follows that no election could be required of the solicitor as to whether he would prosecute for the whisky at the barn or in the iron safe.

[8] In view of the very complete and lucid charge of the court defining a reasonable doubt, and the burden resting upon the state before a conviction can be had, and also the necessity for a unanimous verdict, taken together with the 12 written charges given at the request of defendant defining the burden of proof and a reasonable doubt, we are constrained to hold that, even if some of the refused charges do assert correct propositions of law, the same principles have been fully and substantially covered in the court's oral charge and the written charges given at request of the defendant.

The multiplication of definitions as to what constitutes a reasonable doubt only tends to confusion of the minds of the average juror, rather than an aid in the due weight to be given evidence in arriving at a true verdict.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.