(108 So. 642)

### CARTER v. STATE.   (4 Div. 177.)

(Court of Appeals of Alabama.   April 6, 1926. Rehearing Denied May 25, 1926.)

1. Indictment and information ⬉81(1)—Prosecution could not proceed on indictment, if plea of misnomer in statutory form, alleging that defendant's true Christian name was different than initials alleged in indictment, were proven (Code 1923, § 5205, form 4).

If plea of misnomer in form 4, Code, § 5205, alleging that defendant's true Christian name was "Quince" or "Sug," not "J. B." as alleged in indictment, and that he had never been known or called by latter name, were proven, prosecution could not proceed on such indictment.

2. Criminal law ⬉1116—Appellate court must pass on indictment without words added after trial, "whose name is otherwise to the grand jury unknown," where not in indictment according to clerk's return to certiorari.

Where original indictment, according to clerk's duly certified return to certiorari to review conviction, did not contain words, added after trial, "whose name is otherwise to the grand jury unknown," court must pass on indictment without such words in determining question of misnomer.

3. Criminal law ⬉284—Overruling plea of misnomer in statutory form, without motion, demurrer, or issue joined, held reversible error (Code 1923, § 5205, form 4).

Where indictment did not contain words, "whose name is otherwise to the grand jury unknown," overruling plea of misnomer in form 4, Code 1923, § 5205, alleging that defendant's true Christian name was "Quince" or "Sug," not "J. B.," as alleged in indictment, and that he was never known or called by latter name, without motion, demurrer, or issue joined, was reversible error.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

J. B. Carter was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Ballard & Brassell, of Troy, for appellant.

Appellant's plea of misnomer should have been sustained. Gerrish v. State, 53 Ala. 476; Lyon v. State, 61 Ala. 229; Winter v. State, 90 Ala. 637, 8 So. 556; O'Brien v. State, 91 Ala. 27, 8 So. 560.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The defendant's plea is not in proper form, failing to aver the *true* name of defendant. Wren v. State, 70 Ala. 1; Bright v. State, 76 Ala. 96.

SAMFORD, J. [1] We have examined this record and find only one question presented. The defendant filed his plea of misnomer as follows:

"Comes the defendant in his own proper person and for plea of misnomer says: That his true name is Quince, or Sug, Carter, and not J. B. Carter, as alleged in the indictment, and that he has never been known or called by the name of J. B. Carter, which he hereby verifies, and prays judgment that the indictment be quashed.                 Quince Carter.

"Sworn to and subscribed before me this the 17th day of December, 1924.
                    "J. H. Jinright, Clerk.

"Filed this the 17th day of December, 1924.
                    "J. H. Jinright, Clerk."

This plea follows the form laid down in the Code, § 5205, form 4. If this plea was proven the prosecution could not have proceeded upon the indictment as returned by the grand jury. Butler v. State, 17 Ala. App. 511, 85 So. 864.

[2, 3] According to the return of the clerk to the certiorari issued from this court, the original indictment charged that "J. B. Carter did buy," etc., whereas after trial the indictment had been altered or changed by some party unknown so as to add to the indictment the words, "whose name is otherwise to the grand jury unknown." Acting upon the return of the clerk duly certified, we must pass upon the indictment without the words, "whose name is otherwise to the grand jury unknown." It will therefore be seen that the defendant's plea of misnomer was in form and properly before the court, to be disposed of as in such cases made and provided. The trial judge did not do this, but without motion, demurrer, or issue joined, overruled the defendant's plea. This is shown by the judgment and was error to a reversal.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes