## HOLLAND v. STATE.   (4 Div. 134.)

(Court of Appeals of Alabama.   June 1, 1926. Rehearing Denied Aug. 31, 1926.)

**1. Criminal law ☜369(6).**

Evidence tending to show possession of liquor at different place near defendant's residence *held* not inadmissible as showing more than one possession, evidence of one of which would exclude proof of others.

**2. Criminal law ☜1166½(12).**

Remarks of trial judge in connection with ruling as to admissibility of testimony, withdrawn on objection, cannot be made basis of reversible error.

**3. Criminal law ☜1166½(12).**

Remark of court in ruling on admissibility of evidence that witness may have taken some rum to defendant's house, immediately withdrawn by court, *held* not prejudicial error.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Leon Holland was convicted of violating the prohibition law, and he appeals. Affirmed. Certiorari denied by Supreme Court in Holland v. State, 109 So. 886.

The bill of exceptions shows that defendant offered Hugh Holland as a witness, who testified that he remembered the occassion when the officers found some liquor across the road from defendant's house. Thereupon the following occurred:

The defendant then asked the witness this question: "A short time before that, did you and Mr. Holland take anything to his house?" The state objected to this question, and then and there the court made the following remark in the presence of the jury, to wit: "I don't know; they may have taken some rum there; overrule the objection." The defendant then and there excepted to said remark of the court, and moved to exclude it; and the court said, "All right, I exclude it, Mr. Farmer, if you take exception to it."

Farmer, Merrill & Farmer, of Dothan, for appellant.

But one conviction may be had under a single indictment, and the state should be required to elect for which offense it will prosecute. Brooms v. State, 15 Ala. App. 118, 72 So. 691; Joyner v. State, 16 Ala. App. 240, 77 So. 78; Ex parte State, 197 Ala. App. 419, 73 So. 35. The statement of the trial judge in ruling on admission of testimony of witness Hugh Holland was prejudicial to the defendant, and should work a reversal. Dennison v. State, 17 Ala. App. 674, 88 So. 211; Powell v. State, 20 Ala. App. 606, 104 So. 551. Defendant was due the affirmative charge. Mathews v. State, ante, p. 231, 106 So. 889; Bush v. State, 20 Ala. App. 486, 103 So. 91; Allen v. State, ante, p. 23, 104 So. 867.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant was not entitled to the affirmative charge. Tatum v. State, 20 Ala. App. 436, 102 So. 726. There was but one offense charged, and the state could not be required to elect. Collier v. State, 16 Ala. App. 425, 78 So. 419. The effect of the statement of the trial court was removed by the withdrawal of same. Rountree v. State, 20 Ala. App. 225, 101 So. 325.

SAMFORD, J.  [1] The evidence in this case tends to show the possession of prohibited liquors at several different places at or near the place of residence of the defendant. The defendant in his brief insists that each of the places at which whisky was found was a separate offense, and that therefore evidence of one of these offenses excluded inquiry as to others. To sustain this we are cited to the cases of Joyner v. State, 16 Ala. App. 240, 77 So. 78; Ex parte Brooms v. State, 197 Ala. 419, 73 So. 35, and other cases of similiar import. These cases assert correct propositions of law, but are not applicable to the case at bar. If there was whisky in the smokehouse, some just below the house under a log, and a quart lying in the water under a tree, and all of this was in defendant's possession at the same time, there was only one possession, and evidence tending to prove this was admissible, and evidence having been admitted tending to prove this no election on the part of the state, was necessary. Collier v. State, 16 Ala. App. 425, 78 So. 419; Brannon v. State, 16 Ala. App. 259, 76 So. 991.

[2, 3] The remarks of the trial judge, made by him in connection with his ruling as to the admissibility of certain testimony, was upon objection of defendant withdrawn, and hence could not now be made the basis of reversible error. Bean v. State, 18 Ala. App. 281, 91 So. 499. The incident, as shown by the record, would not justify the granting of defendant's motion to enter a verdict of not guilty, nor for the entering of a mistrial, nor for a withdrawal of the case from the jury and granting a continuance. The incident is

sought to be magnified into prejudicial error. We do not think so.

The several rulings of the court on the admission of testimony and in refusing requested charges are examined, and found to be free from error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. Application for rehearing overruled.

BRICKEN, P. J. (dissenting). The application for rehearing should be granted, and the judgment of conviction reversed, because of the erroneous rulings of the court (to which rulings exceptions were taken) in allowing in evidence testimony to the effect that within nearly 300 feet of this defendant's home the searching officers found four pints of rum or whisky in the water; and, at another place, but at approximately the same distance from appellant's home, one quart of whisky was found, by the side of a log, in the water. There was no evidence even tending to show any connection with this whisky by the defendant. The evidence without conflict or dispute showed that it was found upon land over which defendant had no possession or control. This evidence was illegal and irrelevant, and appellant's case should not have been thus burdened. Its introduction in the case was highly prejudicial to the substantial rights of appellant. The authorities cited by appellant are clearly in point, and, as stated by his counsel in brief, in each of the cases cited the facts were much stronger against the defendant than the facts adduced against appellant. The opinion here is in direct conflict with the decisions cited. Guilford v. State, 20 Ala. App. 625, 104 So. 678; Mathews v. State (Ala. App.) 106 So. 889;[1] Gardner v. State (Ala. App.) 106 So. 894;[2] Bush v. State, 20 Ala. App. 486, 103 So. 91; Allen v. State, ante, p. 23, 104 So. 867.

