(116 So. 304)

### McMULLEN v. STATE. (8 Div. 612.)

Court of Appeals of Alabama. March 27, 1928.

Robt. C. Brickell, of Huntsville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. Under the provisions of Local Acts 1919, p. 17 (No. 44), approved February 11, 1919, prosecutions of persons charged with misdemeanors, in Madison county, may be begun by affidavit made before the clerk of the circuit of Madison county, and thereupon the jurisdiction of the circuit court of Madison county shall attach, and the case shall proceed to trial and judgment under the same rules and procedure as provided by law in misdemeanor causes.

■ This prosecution originated under the terms or provisions of the above local statute, the affidavit being made by one R. S. Watson before Carter H. Rice, clerk of the circuit court. Warrant of arrest was issued and made returnable to the circuit court. The specific charge against this appellant was the violation of the prohibition laws of the state by having in his possession prohibited liquors. No objection, by demurrer or otherwise, was interposed to the affidavit, as framed, and, the affidavit not being void upon its face, and if defective only, such defect should have been pointed out by demurrer, and the fact that

400

one of the specific alternative averments in the affidavit charged no offense known to the law in this state cannot, in the present status, avail the defendant here. Sanders Griffin v. State, ante, p. 369, 115 So. 769 (7 Div. 401).

██ Upon the trial of this case, in the circuit court, and before pleading to the merits of the affidavit upon which the trial was had, the defendant filed a plea of former conviction and upon this plea the state joined issue. This placed upon the defendant the burden of proving the special plea interposed by him. The evidence adduced in this connection was without conflict, and under the authority of Holland v. State, 21 Ala. App. 520, 109 So. 885; Leon Holland v. State, 215 Ala. 106, 109 So. 886, the plea was fully proven and the defendant was entitled to his discharge. The court held to the contrary and in so doing committed error to a reversal. In the Holland Case, supra (certiorari denied by Supreme Court), on the question of unlawful possession of whisky, this court, through Samford, J., said:

"If there was whisky in the smokehouse, some just below the house under a log, and a quart lying in the water under a tree, and all of this was in defendant's possession at the same time, *there was only one possession,* * * * and evidence having been admitted tending to prove this no election on the part of the state, was necessary."

The facts in this case being without dispute, and as stated, the defendant having met the required burden of proof to sustain his plea, he was entitled to his discharge. The Constitution provides that no person shall, for the same offense, be twice put in jeopardy. It affirmatively appearing that this humane provision of the law was denied to this appellant, and as the law imposes upon this court the duty, where error appears, to render such judgment in the cause as the court below should have rendered (Code 1923, § 8599), the judgment of conviction from which this appeal was taken is reversed, and an order here entered discharging this appellant from further custody in this proceeding.

Reversed and rendered.