(118 So. 496)

## RICHARDSON v. CITY OF TUSCALOOSA.
### (6 Div. 291.)

Court of Appeals of Alabama.   Oct. 30, 1928.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

S. H. Sprott, of Tuscaloosa, for appellee.
Brief did not reach the Reporter.

BRICKEN, P. J.  Appellant was tried and convicted for a violation of an ordinance of the city of Tuscaloosa; the specific charge being that he had whisky in his possession. On appeal to the circuit court, the cause was tried de novo upon a complaint filed by the attorney for said city.  To the charge therein contained he pleaded specially autre fois convict—former jeopardy—for the possession of the same whisky therein charged, and also not guilty.  From a judgment of conviction in the circuit court this appeal was taken. The city took issue upon said special plea, and it is insisted that the following evidence in this connection is without dispute:

"(1) The defendant acquired and was in possession of the said liquor in the Proctor home prior to the time he was arrested with the half pint of liquor on his person, and for which he was arrested, and for which he paid a fine.

"(2) Said liquor in the said Proctor home was found some fifteen minutes prior to the time defendant was searched and found to have a half pint of whisky on his person. ·

"(3) Said one half pint of liquor found on defendant's person was the same size bottle and the same color liquor as that was found in said Proctor home where defendant had been on previous occasions.

"(4) Defendant had occupied a room in the Proctor home one or more nights shortly prior to the time said whisky was found in said Proctor home for which he is being tried in this case.

"(5) The defendant was arrested at the same time both for the offense of having liquor in the said Proctor home, as well as the offense of having the one half pint on his person, for which last offense he has been tried, convicted, and has paid his fine and costs."

We have carefully examined all the evidence adduced upon the trial of this case, and are of the opinion that but one possession is thereby disclosed under the rule announced in the following cases:  Whitaker v. State, 21 Ala. App. 114, 105 So. 433; Holland v. State, 21 Ala. App. 520, 109 So. 885; Holland v. State, 215 Ala. 106, 109 So. 886; McMullen v. State, ante, p. 399, 116 So. 304.

In the Whitaker Case, supra, the state's evidence disclosed that the first whisky found was in defendant's iron safe in his store, and afterwards during the same search there was found 15 gallons in defendant's barn, at a different place.  There was objection to the testimony as to the 15 gallons found in the barn, upon the theory that the same constituted a separate and distinct offense.  This court held that this contention could not be sustained, and the court said:

"Whether the whisky was in one place or a dozen places, if the possession was in the defendant and at the same time, the defendant could only be prosecuted for one offense * * * such prosecution covers all the whisky he possessed at that time.  It follows that no election could be required of the solicitor as to whether he would prosecute for the whisky at the barn or in the iron safe."

In Holland v. State, supra, this court said:

"If there was whisky in the smokehouse, some just below the house under a log, and a quart lying in the water under a tree [at a different place], and all of this was in defendant's possession at the same time, there was only one possession."

The opinion of this court in the Holland Case was sustained by the Supreme Court. 215 Ala. 106, 109 So. 886.

The facts in the case of McMullen v. State, supra, were practically the same as the facts of the case at bar. In the McMullen Case, this court held that the whisky found upon the person of the defendant and that found in his room constituted one offense.

The above authorities are conclusive of. this appeal, and must operate to a reversal of the judgment of conviction appealed from. Appellant's plea of autre fois convict should have been sustained, and the defendant discharged. Such is the order and judgment of this court. Code 1923, § 8599.

■■ There is nothing in the insistence that defendant's plea was inconsistent. An inconsistent plea in a criminal prosecution is permissible. Ward v. State, 4 Ala. App. 112, 58 So. 788.

Other questions presented need not be considered.

The judgment of conviction from which this appeal was taken is reversed, and an order here entered discharging this appellant from further custody in this proceeding.

Reversed and rendered.