(121 So. 690)
### JAMES v. STATE. (7 Div. 517.)

Court of Appeals of Alabama. April 9, 1929.

John B. Isbell, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. In answer to the indictment, defendant interposed a plea of autrefois convict, in which it was contended that the offense therein charged was the identical offense, in law and in fact, for which he had already been tried and convicted in the same court wherein the present prosecution was pending. No objection to said plea, by demurrer or otherwise, was interposed, and we gather from the record that the state took issue upon said plea, although in its present condition it is difficult to ascertain what course was pursued in connection therewith. At any rate the bill of exceptions contains evidence in support of the plea, and which

was without conflict, and from our viewpoint this evidence fully met the burden which rested upon appellant to sustain his plea. This being true, he was entitled to his discharge and the court should have so ordered. There is no authority of law which authorized the trial court to enter the following order contained in the judgment entry, to wit: "Comes the state, by its solicitor, and comes the defendant and pleads former jeopardy, and said plea being considered by the court, it is ordered and adjudged by the court that said plea be and the same is hereby overruled." By this order the defendant was denied a material right in not having judgment rendered in his favor upon his plea of former conviction.

The strict mandate of the fundamental law is that no person shall, for the same offense, be twice put in jeopardy of life or limb. Article 1, § 9, Constitution 1901. This law does not permit a single crime to be subdivided into two or more offenses, nor can a series of charges be based upon the same act. The facts of this case are not unlike the facts in the following cases: Whitaker v. State, 21 Ala. App. 114, 105 So. 433; Holland v. State, 21 Ala. App. 520, 109 So. 885; Holland v. State, 215 Ala. 106, 109 So. 886; McMullen v. State, 22 Ala. App. 399, 116 So. 304; Richardson v. Tuscaloosa, 22 Ala. App. 604, 118 So. 496.

Under the existing law, in cases of this character, it is the duty of this court (upon appeal), if error appears, to render such judgment in the cause as the court below should have rendered. Section 9502, Code 1923. In accordance with the provisions of said statute, a judgment is here rendered, reversing the judgment of conviction appealed from, and an order is here made discharging the defendant from further custody in this proceeding.

Reversed and rendered.