(124 So. 668)

## SMITH v. STATE.  (2 Div. 434.)

Court of Appeals of Alabama.   Nov. 19, 1929.

Craig & Craig and Arthur M. Pitts, all of Selma, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

SAMFORD, J.  The defendant owned one lot of whisky in pint bottles, which was in his garage in Lowndes county, and another lot of whisky in pint bottles, which was at his home in Dallas county.  Each lot of whisky was entirely distinct and separate from the other.  Each of the places at which the whisky was found is more than one-fourth of a mile from the county line.  The defendant owned all of the whisky at the same time. The defendant was duly tried and convicted on a charge of unlawfully possessing whisky by the court in Lowndes county, and on his trial in this case he pleaded that conviction as a bar to this prosecution.

The plea was in statutory form.  Code 1923, § 5205 (5).  Where this is the case, the plea states a good defense to the indictment, and is not subject to demurrer.  Perkins v. State, 21 Ala. App. 576, 110 So. 474.  We are mindful of the general rule, as stated in several cases cited in 1 Mayfield, Digest, p. 499, to the effect that a former conviction is no bar to a subsequent prosecution, unless the accused could have been convicted upon the first indictment upon proof of the facts averred in the second.  But this plea meets this requirement.  While the affidavit alleges the crime to have been committed in Lowndes county, a conviction on that charge could have been maintained upon a proof of a possession in Dallas county within one-fourth of a mile from the line of Lowndes.  The proper disposition of this plea was by a joinder of issue, and if the proof failed the plea would fail with it.  We have too many times held the form of plea as set out in the Code to be sufficient to now require additional averments.  Carter v. State, 21 Ala. App. 406, 108 So. 642;  Cast v. State, 11 Ala. App. 177, 65 So. 718;  Black v. State, 123 Ala. 78, 26 So. 340;  Henry v. State, 33 Ala. 389;  Wooley v. State, 20 Ala. App. 364, 101 So. 918;  Perkins v. State, supra.

However, the undisputed evidence in this case, even as stated by appellant's counsel, discloses that the possession of whisky by defendant in Lowndes and Dallas counties

were two separate and distinct transactions, having no relation to each other. Each was a violation of law, and subject to a separate prosecution. A man may be in possession of 1 or 100 vessels containing whisky. If this whisky is so placed as to constitute a single group, it is one possession, for which only one prosecution will lie. Such was the case in Whitaker v. State, 21 Ala. App. 114, 105 So. 433; Holland v. State, 21 Ala. App. 520, 109 So. 885; Id., 215 Ala. 106, 109 So. 886; McMullen v. State, 22 Ala. App. 399, 116 So. 304. On the other hand, if the whisky is divided into separate lots or groups, and placed in separate caches or depositaries, not connected with each other, the possession of the whisky in each separate cache constitutes a separate and distinct violation of the statute. The undisputed evidence in this case discloses two crimes, one in Lowndes county and one in Dallas county, and upon this undisputed evidence it would have been the court's duty to have instructed the jury to find for the state on the defendant's plea of autrefois convict.

With the issue on the plea of autrefois convict determined in favor of the state, the evidence disclosed the guilt of defendant beyond a doubt, and the jury so found. In fact, the state was entitled to the general affirmative charge.

In this state of the case, the error of the court in his rulings on the pleadings was of no avail to the defendant. The defendant was not injured, and the result would have been the same in any event. Under Supreme Court Rule 45, the judgment is affirmed.

Affirmed.